ORRY G. KNAPP AND MICHAEL THORPE v. ALVA GAMSBY.

*Forcible entry—Certiorari—Extension of time for giving security for costs—
Affidavit for certiorari—Omnibus allegation of error—
Communication between judge and jury.*

On *certiorari* to a circuit court commissioner to bring up his proceedings on a complaint of forcible entry and detainer, the objection that he extended the time for giving·security for costs does not go to the merits and is of no force.

An affidavit for certiorari asking a review of rulings should present them as they actually occurred, as in a bill of exceptions; it should not combine in one recital a series of detached rulings on points that were not connectedly presented.

An allegation of error based upon the alleged refusal of a magistrate to allow proof of certain propositions recited together in an affidavit for *certiorari*, is not supported by a return which shows that they were not presented or ruled upon as one offer and that the proofs were rejected for different reasons.

In forcible entry proceedings the jury, after retiring, asked instructions as to their verdict, and the commissioner who tried the case told them it should be in form either Guilty or Not Guilty. It did not appear that the parties complaining of this action were absent, and the commissioner did not know whether their counsel were present. *Held,* that there was no error apparent, and that a complaint of unauthorized communication with the jury would not be sustained.

Reversal on *certiorari* in forcible entry proceedings does not, in Michigan, secure a new trial, but ends the proceeding. The statute (Comp. L. § 6718) provides for an appeal, on which a new trial can be had as of right. Whether *certiorari* is a proper remedy where an appellate court would not know whether the judgment would have been different if the errors complained of had not been made—*Q.*

The Michigan statute regulating *certiorari* in cases of forcible entry and detainer tried by a circuit court commissioner is the same that applies to justices' judgments.

Error to Ionia. Submitted Oct. 25. Decided Jan. 11.

PROCEEDINGS under Comp. L. ch. 211 to recover possession of lands. Complainants ·bring error. Affirmed.

*Webster & Davis* for plaintiffs in error, as to the error alleged of communication between commissioner and jury in

the absence of a party or his counsel, cited: *Watertown Bank v. Mix* 51 N. Y. 558; *Bunn v. Croul* 10 Johns. 239; *Taylor v. Betsford* 13 Johns. 487: *Benson v. Clark* 1 Cow. 258; *Rogers v. Moulthrop* 13 Wend. 274; *Neil v. Abel* 24 Wend. 185; *Sargent v. Roberts* 1 Pick. 337: *Smoke v. Jones* 35 Mich. 409; *People v. Knapp* 42 Mich. 267; *Kirk v. State* 14 Ohio 511; *Benson v. Fish* 6 Greenl. 141; *State v. Snyder* 20 Kan. 306; *Hoberg v. Minnesota* 3 Minn. 262; *O'Brien v. Merch. Ins. Co.* 38 N. Y. Sup. Ct. 487; *Plunkett v. Appleton* 41 id. 176: 51 How. Pr. 474; *Crabtree v. Hagenbaugh* 23 Ill. 289; 2 Cow. Treat. (2d ed.) 901: (6th ed.) 842 § 1419.

*Smith & Sessions* for defendant in error.

CAMPBELL, J. Gamsby obtained judgment of restitution on a complaint of forcible entry against Knapp and Thorpe. The case was tried by a jury before Donald McPherson, a circuit court commissioner for Ionia county, and removed to the circuit court by *certiorari* where the judgment was affirmed, and error is brought for the affirmance.

The objections urged on the *certiorari* were—*First*, the wrongful extension of time to put in security for costs; *second*, the rejection of testimony; and *third*, unauthorized communications with the jury.

The first objection does not go to the merits and is of no force.

The second objection appears in the affidavit for *certiorari* in these words: "That said commissioner erroneously rejected the testimony, both documentary and oral, offered by the defendants." In the affidavit it is stated that the defendants offered among other things to show a series of facts occupying in the recital about half a printed page of propositions, to all of which, upon objection from said complainant's attorney, the said commissioner refused to allow said defendants to prove, to each of which said rulings said defendants, by their counsel, excepted.

Upon an inspection of the return it appears that this was not presented or ruled upon as one offer, and that it does

not present the questions and facts just as passed upon by the commissioner, and rather summarizes results and conclusions, instead of narrating the transactions as occurring on the trial and as excepted to. An affidavit for *certiorari*, asking a review of rulings on the trial—if they can be reviewed at all—should conform substantially to the requisites of statements in a bill of exceptions, and present the rulings as they actually occurred. If this had appeared, the short form of complaining of the rulings in the assignment of errors, would perhaps be proper. But to make a recital of facts as a single proposition or connected chain of propositions, when in truth they were never presented together at all, and were detached rulings during a long trial, is objectionable—not only as incorrect in form, but as separating each ruling from its own circumstances and belongings. The affidavit fails entirely to present the main ground on which the commissioner based most of these rulings, while some of them, at least, may perhaps have stood on independent grounds. We think the return and the affidavit do not agree, and that the allegation of error is not supported as alleged.

The objection concerning the jury is not sound. It appears that the commissioner at the request of the jury for instructions as to their verdict after they had once retired merely told them it should be in form either Guilty or Not Guilty. It does not appear, moreover, that the defendants were absent at the time, and the commissioner does not know whether their counsel was in the room or not. There is no error apparent.

We have dealt with this case as if the questions presented were proper for a *certiorari*. If the two principal causes of complaint were made out, it would not show that Gamsby had no rights, but would merely show that Knapp and Thorpe had a right to a new trial on the merits. Under our practice, a reversal on *certiorari* does not secure a new trial but ends the proceeding. The statute has made provision for an appeal to the circuit, and on that appeal they could have had a new trial as a matter of right, and would thus have

secured the only remedy that justice required. The statute regulating *certiorari* in these cases is the same applicable to justices' judgments, and we are disposed to withhold our opinion as to the applicability of the remedy to cases where the appellate court has no means of knowing whether if the errors complained of had not occurred the judgment would have been different.

The judgment must be affirmed with costs.

The other Justices concurred.