## THE PEOPLE v. JACOB HOBSON.

*Closing saloons on legal holidays—Certiorari—Stay of execution.*

The statute closing all "saloons" on "legal holidays" is meant to prevent the sale of liquors on holidays in any place of resort for refreshments. Act 267 of 1879.

A complaint for a violation of the statute which requires saloons to be kept closed on legal holidays is sufficiently precise if it avers that respondent kept a saloon; that he kept it open on the holiday named, and that he then and there sold spirituous and intoxicating or malt liquors.

| 48 | 27 |
| 67 | 4 |

| 48 | 27 |
| 68 | 479 |
| 69 | 577 |

| 48 | 27 |
| 72 | 177 |

| 48 | 27 |
| 114 | 643 |

| 48 | 27 |
| f155 | 3560 |

Errors in proceedings removed on *certiorari* from before a justice cannot be made out if they do not appear by the justice's return.

While the repeal of a statute generally ends all criminal proceedings under it, it does not do so in cases which have been put in judgment and in which the judgment has been transferred by *certiorari* to a higher court and affirmed.

Where the judgment in criminal proceedings before a justice is affirmed on *certiorari* the only judgment is that of the justice; and the stay of proceedings by reason of the writ of *certiorari* only postpones its enforcement for the period between suing out the writ and the return to the circuit of the order of the Supreme Court affirming the judgment.

The punishment of an offence under an old statute is not inconsistent with a new law which repeals acts inconsistent with said statute, but which applies only to future cases, and to those in substantially the same way.

On *certiorari* no errors are considered that were not made a ground for allowing the writ.

A stay of execution does not affect the judgment, but only the time of its enforcement.

Error to Tuscola. Submitted Jan. 25. Decided April 5.

COMPLAINT for keeping saloon open on legal holiday. Defendant brings error. Affirmed.

*Hurst & Ransford* for plaintiff in error.

Attorney General *Jacob J. Van Riper* for the People.

CAMPBELL, J. Hobson was convicted before a justice of the peace of Tuscola county, of selling intoxicating liquor on a legal holiday, being the 1st day of January, 1880. The judgment, being removed by *certiorari* to the circuit court of that county, was affirmed. In this court the same errors are relied on as at the circuit, with the further one that by the repeal of the statute it has been made impossible to enforce the sentence, which was stayed on the removal.

It is objected that the justice got no jurisdiction because it is insisted the complaint does not show that Hobson kept such a saloon as the statute requires to be closed on holidays —viz., a saloon "where malt, spirituous or intoxicating

liquors are sold." Laws 1879, p. 289. It is claimed that there are saloons of a different character, and that the complaint must show the keeping open of such a saloon as is specified.

This is all true enough. But the complaint here, while it does not say in terms that Hobson kept that kind of a saloon, does distinctly aver that he kept a saloon—that he kept it open on the holiday named—and that he then and there sold spirituous and intoxicating and malt liquors. If he actually sold such liquors that day in his saloon it was for that occasion, at least, kept for that purpose, and was within the law. If the statute could be evaded by keeping a saloon for one purpose on holidays, and for another at other times, and have the latter use nullify the former, it would not be very difficult to defeat the law. Its object is to prevent the sale of liquors on holidays in any place of resort for refreshments, and is not open to the absurd construction claimed for it.

The objection that the jury deliberated in the presence of an officer is not made out. The justice makes no such return, and unless error appears by the return it cannot be made out otherwise. *Knapp v. Gamsby* 47 Mich. 375.

The objection made arising out of the repeal of the Law of 1879 rests on the ground that a repeal puts an end to all further proceedings of a criminal nature. This is usually true. In the present case the law of 1881 is a new statute covering the same ground with the old one and undoubtedly superseding it for all further cases, without the necessity of repealing words. Its title after declaring its general purposes adds "and to repeal all acts or parts of acts inconsistent herewith." Laws 1881, p. 350. It certainly cannot be claimed that punishing an act under the old law is inconsistent with a new law applicable only to future cases and dealing with those in substantially the same way. It is true the last section of the statute of 1881 repeals by name the old statute, but reading this repeal in the light of the title, to which under our Constitution it must correspond, it is difficult to say that the repeal was meant to be retrospective

and to supersede existing judgments which have only been suspended for review.

But in our opinion this question does not arise where cases have been put in judgment, and the judgment has been transferred by *certiorari* from the justice's court to the circuit court, and there affirmed. By reference to the record it appears that the circuit court did not as is claimed attempt to render a new judgment, but merely to reassert and enforce the justice's judgment so far as it had not been carried out. The statute of *certiorari*, applicable to criminal cases, is express that the circuit court on affirmance shall order that the justice's judgment shall be executed, and that if defendant has been let out of prison he shall be remanded for such time as is unexpired of his sentence. Comp. L. § 5561. This is in harmony with § 5556, which refers to the judgment as suspended, and not as superseded by the *certiorari*. It is also well settled practice that on *certiorari* no errors are considered which are not made a ground for the allowance of the writ; and no errors are assignable in the circuit court under this statute, but the case must be decided on the return. § 5558. So in the statute concerning criminal cases brought to this court on error, the language is that the writ of error unless allowed "shall not *stay* or *delay* the execution of the judgment or sentence," and there is no provision that the judgment shall in any case be "superseded," as may perhaps be done sometimes in civil cases. See §§ 7120, 7125.

In our opinion the statutes contemplate but one criminal judgment in these cases, and that one the judgment of the justice of the peace; and the stay merely postpones its enforcement for the time elapsing between the suing out of the writ and the return to the circuit of the order of this court. So far as any decisions on the effect of repeals have been brought to our notice they merely apply to prevent the giving of final judgment after repeal, and do not in any case that we have discovered prevent the execution of a sentence already given, unless distinctly made to do so. There are many forms of appeal which entirely supersede the

judgment below and require a new judgment. This cannot of course be given where the law has ceased to exist. But our statute concerning *certiorari* in criminal cases contemplates no new judgment against the prisoner, and the judgment below stands until wholly or partially reversed. A stay of execution does not affect the judgment itself but merely the time of its enforcement.

We are of opinion therefore that there is no obstacle in the way of affirming the judgment and it is accordingly affirmed.

The other Justices concurred.