## WILLIAM ALT v. JOHN E. LALONE.

*Certiorari—Conclusiveness of return—Entry of judgment on verdict—Misconduct of trial.*

1. Certiorari to a justice does not have the force of a writ of error ; and it only brings up such matters as appear by the return to have been known to the justice officially. And nothing can be added to the return by testimony.

2. A jury's verdict in justice's court is conclusive ; the justice cannot set it aside nor make it invalid by neglecting to enter judgment on it at once ; the law supplies the judgment if not entered, and its subsequent entry in accordance with the verdict is proper.

3. Whether a compromise upon a verdict or the sheriff's presence in the jury room can be noticed on error without some action in the trial court—Q.

Error to Wexford. (Fallass, J.) June 17.—June 25.

TRESPASS. Defendant brings error. Affirmed.

*Parks, Dunham & Dunham* for appellant. A statute

which provides that a justice shall forthwith render judgment upon the verdict, requires it to be rendered instanter; by delay he loses jurisdiction and the judgment is void: *Hull v. Mallory* 56 Wis. 355; *McNamara v. Speers* 25 Wis. 539; *Perkins v. Jones* 28 Wis. 243; *Wearne v. Smith* 32 Wis. 412; *Kleinsteuber v. Schumacher* 35 Wis. 608.

*Pratt, Hatch & Davis* for appellee. A verdict in justice's court is equivalent to a judgment: *Gaines v. Betts* 2 Doug. (Mich.) 98; *Overall v. Pero* 7 Mich. 315; *Zimmer v. Davis* 35 Mich. 39; it ends the case and the justice has only to enforce it: *O'Brien v. Tallman* 36 Mich. 13; and a court of review should render a verdict in harmony with the rights of the parties: *Cheney v. Russell* 44 Mich. 620; *Hart v. Lindley* 20 Mich. 50; and based on the proceeding had before the justice so far as he can return on personal knowledge: Tiff. Justice Guide 512.

CAMPBELL, J. Plaintiff sued defendant before a justice for assault. The case was tried by jury and they found a verdict in plaintiff's favor for $16.70. Defendant brought certiorari, and the grounds alleged were misconduct of the jury, and delay of the justice in rendering judgment.

The objections to the action of the jury were the presence of the sheriff during their deliberations, and their compromising on a verdict.

The justice returned that he had no knowledge of either of these alleged facts, but had heard of them afterwards.

Under our statutes a justice cannot grant a new trial, and has no power to inquire into what takes place outside of his knowledge. If nothing is returned on his knowledge which would affect a judgment prejudicially, it cannot be reversed on certiorari. The fact that he may have heard of something which he has no means of searching out, can have no more importance than if any one else reported similar matters. Under the settled practice in this State, a justice's return of what he knows officially must determine the result of a certiorari. There is no authority to go beyond this.

The defendant, if dissatisfied with the judgment, could have procured a new trial on the merits by appealing. There

is no good reason why certiorari should be allowed to defeat a proceeding entirely where errors may or may not have affected the result. And while we may be required to consider any error which appears from the return, and give it such weight as the law requires, we cannot give to this writ the force of a writ of error in fact, even supposing that such complaints as are made here could be investigated on such a writ without action in the court below, which is not very clear to us, and on which we need not dwell. The return to the writ is all that we can consider. It cannot be added to by testimony.

The complaint of the delay in entering judgment is that the jury found their verdict on the evening of one day, and judgment was rendered the day after.

It is enough to say that where a case is tried by jury their verdict is conclusive, and cannot be invalidated by any action or non-action of the justice. *Overall v. Pero* 7 Mich. 315. When the statute requires a justice to enter judgment immediately on such a verdict, it does so on the ground that he has no judicial duty in such a case, and must act ministerially in recording their action. He cannot set it aside; and if his entry of judgment is postponed, yet the law itself supplies it whether entered or not, and its subsequent entry in accordance with the verdict is entirely proper.

The judgment of the circuit court sustaining that of the justice must be affirmed.

The other Justices concurred.