# OCTOBER TERM, 1887.

SIMEON HEWITT v. THE JUDGE OF PROBATE OF OAK-
LAND COUNTY.

*Certiorari—Return—Affidavits—Exhibits.*[1]

1. *Certiorari* will not lie to review proceedings for the sale of lands
   by an executor, on the petition of one who is not shown by the
   return of the probate judge to have any interest in said lands.
2. An affidavit for *certiorari* cannot be used to establish a fact not
   found in the return, from which the Court must obtain the facts
   in controversy.
3. In applications for *mandamus* and *certiorari,* all record evidence
   relied upon should be brought before the Court as exhibits in the
   shape of certified copies, or authenticated in some way, rather
   than by bare recitals of its existence in the affidavit or petition.
   *Cronin v. Supervisors of Kalkaska Co.,* 58 Mich. 448.

Certiorari to judge of probate of Oakland county.    Argued
June 8, 1887.    Writ quashed October 6, 1887.    The facts are
stated in the opinion.

*Auten & Moss,* for petitioner.

*Aaron Perry, Thomas J. Davis,* and *Theodore Hollister,*
for respondent.

MORSE, J.    The petitioner, in his affidavit for the writ of
*certiorari* issued out of this Court, alleges that in the years
1881 and 1882 he sold and delivered to Hiram E. and Edwin
R. Terry certain furniture and fixtures to the amount of
about $1,400.

---

[1] For full digest of points decided, see "*Table of Cases Reported.*"
67 MICH.—1.

That in July, 1884, ʜᴇ commenced suit against them by attachment in the circuit court for the county of Clinton, and levied upon personal property belonging to the said Terrys in that county; and on the third day of the same month he levied, by virtue of said writ of attachment, upon certain real estate in Oakland county, in which the said Terrys had an interest under the provisions of the will of their father, Albert Terry, which interest was, at the time levy was made, free and clear of all liens or incumbrances.

That personal service was obtained upon both of said defendants, and they entered their appearance in the attachment suit; and on January 17, 1885, the petitioner obtained judgment against them in the sum of $1,456.74 damages, and $81.57 costs of suit.

That execution was issued the same day, and levied upon the said interest of the defendants in said lands, notice of which levy was duly recorded.

That after being duly advertised, the premises were sold under said execution, on the seventh day of March, 1855, and bid in by the petitioner. The lands were not redeemed, and he now claims, by virtue of these proceedings, an absolute title to the interest of the Terrys in the premises.

He further sets forth the interest of these heirs under the will, a copy of which is attached to and made a part of his petition.

He then alleges a scheme on the part of these heirs and the executors of said will to defeat his levy by a sale of the whole title to these lands by the executors, under license from the Oakland county probate court, of which sale and the proceedings leading thereto he had no notice or knowledge. He then alleges that the proceedings and the sale were void, and without jurisdiction, for many reasons, not necessary under our view of the case to be stated.

The probate judge in the writ was commanded to return what had been done in his court in the matter of the sale of

the real estate of Albert Terry, deceased, for the payment of debts, and the following papers: Petition of executors for sale of real estate; order of hearing thereon; license granted thereon; reports of sales by executors; proceedings before sale; confirmation of such sales; executors' final account; and also to return whether certain mortgages, to which said property was sold subject, were given before or after the death of said Albert Terry, and whether there were any incumbrances upon any of the property of the said Albert Terry before his death, and, if so, what and by whom given.

The judge of probate in his return sends certified copies of all the papers and proceedings asked for, and says that there are no records or files in the probate office, or within the knowledge of said probate court, to enable it to give the information desired as to the mortgages and incumbrances, excepting what appears in the proceedings leading to the sale, and the executors' reports thereof.

The probate judge was not directed in the writ to return the will, or any of the proceedings of the probate and allowance of the same. Upon the hearing of the writ in this Court, the counsel for respondent in their argument and briefs deny that the petitioner has now or ever had any legal lien upon or interest in the lands involved. No return is made of a copy of the will by the judge of the probate court of Oakland county, but an exemplification of the records of the proceedings to the probate of the same, and a certified copy of the instrument, were filed in this Court, May 4, 1887, two days after the filing of the return. It is not made, however, a part of said return.

If the petitioner never had any legal lien upon the premises concerned in these probate proceedings, and had, at the time of the issuing of the writ, no legal title to or interest in the lands involved, then he is a stranger to such proceed-

ings, and the writ will not lie at his instance, even if his claim of want of jurisdiction in the probate court be established.

We cannot try the title to these lands as the record now stands. The matters stated in the affidavit of the petitioner, the only evidence we have of his title or interest in the premises, are no part of the record, and cannot be noticed for the purpose of determining either the validity of the proceedings in the probate court, or his title to the lands in question. The return of the judge, from which alone we must obtain the facts in this controversy, shows the petitioner to be an entire stranger to the proceedings, and fails to show that he has any right, title, or interest in the premises sold by virtue of such proceedings. Nor can we consider or determine from the return what interest the Terrys had in these lands, as we cannot use the certified copy of the will, as it is no part of the return, and has no business in the files. *Starkweather v. Seeley*, 45 Barb. 164, 167; *Becker v. Burton*, 65 N. Y. 452; *Powers v. Russell*, 26 Mich. 179; *Mann v. Tyler*, 56 Id. 564; *People v. Hobson*, 48 Id. 27; *Knapp v. Gamsby*, 47 Id. 375; *Whitbeck v. Hudson*, 50 Id. 86.

The interest of the petitioner in these lands, if any, must be established in some other way. His remedy is not by this writ, as there is here no basis for the Court to act upon. If the affidavit could be used to establish a fact not found in the return, as it cannot, yet the petition in this case could not be regarded as evidence. There is attached to it no exemplification of the records of the court in which the judgment is claimed to have been rendered. The whole allegation of the petitioner's title rests upon his naked oath, which would not be competent testimony in any court of most of the facts therein stated.

As pointed out in *Cronin v. Supervisors of Kalkaska Co.*, 58 Mich. 448, in applications of this kind all record evidence

relied upon should be brought before the Court as exhibits in. the shape of certified copies, or authenticated in some way, rather than in bare recitals of its existence.

The writ in this case must be quashed, with costs to the respondent.

The other Justices concurred.