## THE PEOPLE v. CHARLES ETTER AND LEWIS ETTER.

*Criminal law—Prosecution by private attorney—Certiorari—Return of justice.*

1. Where a prosecuting attorney had instructed a justice to entertain actions where security for costs had been filed, and named an attorney whom he desired to represent him, who appeared at the request of the justice, and conducted the trial of a case before him in which such security had been filed, such action is no ground for reversal on *certiorari*, it not appearing that the attorney appeared for, or was acting in the interest of, any private party, and no objection being made to his appearing.

2. On *certiorari* from a conviction before a justice of the peace the respondent can claim no error not shown by the return.

3. Under the settled practice in this State, a justice's return of what he *knows officially* must determine the result on *certiorari*. *Alt v. Lalone*, 54 Mich. 302.

So *held*, where an affidavit for *certiorari* in a criminal case charged that the attending officer remained with the jury during their deliberations, and the justice returned that he had no *personal* knowledge on the subject, but since the trial had been informed by some of the jurors that the charge was true.

Error to Cass. (O'Hara, J.) Argued October 17, 1888. Decided October 26, 1888.

Respondents were convicted of larceny, and on *certiorari* to the circuit court the judgment of the justice was affirmed. Judgment affirmed. The facts are stated in the opinion.

*W. J. Sampson* and *J. R. Carr*, for respondent.

*Moses Taggart*, Attorney General, and *F. J. Atwell*, Prosecuting Attorney, for the people.

[The points of counsel and authorities cited are stated in the opinion.—REPORTER.]

CHAMPLIN, J. Defendants were tried and convicted before a jury in justice's court of the crime of larceny, and each sentenced to pay a fine of $50, and to be each imprisoned in the county jail 60 days.

Defendants sued out a writ of *certiorari* from the circuit court upon the errors alleged, as follows:

1. Because the suit against them was not conducted by the prosecuting attorney of the county, and no authority was shown by the attorney who appeared for the people to prosecute the same.

2. Because the officer who arrested defendants was a witness, and testified against defendants upon the trial, and such officer had charge of the jury while deliberating upon their verdict, and remained in the jury-room in the immediate presence of the jury during the entire time of their deliberation.

3. Because the sentence was indefinite.

4. Because there is a variance between the sentence pronounced by the justice and that set forth in the commitment.

The justice made return to the writ, from which it appears that the attorney who prosecuted the defendants appeared at the request of the justice; that in a conversation with the prosecuting attorney he had instructed the justice to entertain actions when security for costs had been filed, and in the selection of prosecutor he named the attorney who prosecuted in this case. There was no objection made to the appearance and prosecution by the attorney in behalf of the people, and it is not alleged in the affidavit for *certiorari* that the attorney appeared for, or was acting in the interest of, any private party. Security for costs was filed before the warrant was issued. The first assignment of error must be overruled.

To the second assignment of error the justice returned that the officer was sworn as a witness, and was also sworn to take charge of the jury, and as to the fact alleged that the officer remained in the presence of the jury dur-

ing their deliberations he had no personal knowledge; that since the coming to him of the order for a further return upon that point he had interviewed four of the jurors, who informed him that the officer remained in the room. This allegation of error in the affidavit was supported by the affidavits of two of the jurors, which were annexed to the affidavit for *certiorari*.

When a person is convicted of a criminal offense before a justice of the peace, and conceives that injustice has been done him, he has a choice of two remedies,—he may appeal to the circuit court, where a retrial will be had upon the merits; or he may remove the conviction into the circuit court by writ of *certiorari*. If he chooses the latter remedy, he elects to rely upon such return as he may be able to obtain from the justice, and he can claim no error that is not shown by the return.

In *Alt v. Lalone*, 54 Mich. 303 (20 N. W. Rep. 52), which was a case for an assault tried before the justice, one of the objections was the presence of the sheriff during the deliberations of the jury, and the justice returned that he had no knowledge of this alleged fact, but had heard of it afterwards. This Court said:

"Under our statutes, a justice cannot grant a new trial, and has no power to inquire into what takes place outside of his knowledge. If nothing is returned on his knowledge which would affect a judgment prejudicially, it cannot be reversed on *certiorari*. The fact that he may have heard of something which he has no means of searching out, can have no more importance than if any one else reported similar matters. Under the settled practice in this State, a justice's return of what he knows officially must determine the result of a *certiorari*. There is no authority to go beyond this."

To the same effect are *People v. Hobson*, 48 Mich. 29 (11 N. W. Rep. 771), and *Galloway v. Corbitt*, 52 Id. 460 (18 N. W. Rep. 218).

72 MICH. 12.

The third and fourth assignments are not relied upon by defendants' attorney. They have no foundation, as appears by the return of the justice.

The judgment of the circuit court must be affirmed, and the sentence of the justice carried into execution.

SHERWOOD, C. J., CAMPBELL and LONG, JJ., concurred with CHAMPLIN, J.

MORSE, J., (dissenting). In this case I think the amended return of the justice properly and sufficiently shows that the officer remained with the jury during their deliberations. Therefore the judgment ought to be reversed, and respondent discharged.