MONROE *v.* REYNELLS.

131 259'
141 '604'

1 Justices of the Peace—Certiorari—Allowance by Circuit Court Commissioner.

A writ of *certiorari* to a justice of the peace may be allowed by a circuit court commissioner of another county than that of the justice. 1 Comp. Laws, § 937.

2. Same—Issuance in Duplicate.

Where a writ of *certiorari* was prepared in duplicate, both instruments being signed and sealed, the fact that the writ first prepared was filed with the clerk, and the copy served on the justice, did not invalidate the proceeding.

3. Same—Amended Return.

The failure of a justice of the peace, in making return to a writ of *certiorari*, to send to the county clerk the writ and bond, was cured where he afterwards sent these papers, and was allowed to make a further return setting up the facts.

Error to Kalamazoo; Adams, J. Submitted June 4, 1902. (Docket No. 27.) Decided June 24, 1902.

Trespass by Ebenezer W. Monroe against Daniel W. Reynells. Plaintiff recovered a judgment in justice's court, and defendant took out a writ of *certiorari* to the circuit. From an order dismissing the writ, defendant brings error. Reversed.

*David Anderson*, for appellant.

*Claude S. Carney*, for appellee.

Hooker, C. J. The defendant in an action before a justice of the peace attempted to review an adverse judgment on *certiorari* in the circuit court, but on motion of the plaintiff the circuit judge dismissed the writ, and the defendant has appealed. The ground upon which the circuit judge acted is not disclosed. There are, however, reasons mentioned in the appellee's brief, which are said to justify his action:

1. The affidavit and bond were presented to a circuit court commissioner of another county than that of the justice, and the writ was allowed and the bond was approved by him.

2. The writ of *certiorari* was made in duplicate by the circuit court clerk, one copy being served on the justice, and one being filed in the clerk's office.

3. In making return, the justice failed to send to the county clerk the writ and bond served upon him. He subsequently sent them upon receipt of a letter from counsel.

Upon the hearing of the motion to dismiss, the court permitted a further return to be made, which was done. This return states that he returned the bond, and no question seems to be made over the genuineness of any of the papers.

We think that the allowance was valid. It was within the express terms of the statute (1 Comp. Laws, § 937), and within the ruling in the case of *Loder* v. *Littlefield*, 39 Mich. 374, though in that case the writ issued from this court.

The mere fact that the writ first prepared was filed with

the clerk, and the copy issued, should not invalidate these proceedings. They were prepared simultaneously, both signed and sealed. The writ issued became the original writ when it was issued.

Before the motion to dismiss was decided, there seems to have been a full return, and the court had jurisdiction to hear the case.

The order is reversed, with costs.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.