## APPLEMAN *v.* HAHN.

149    245.
155    ³560¡
f155   ³561¡

1. JUSTICES OF THE PEACE—JURISDICTION—MANNER OF RAISING QUESTION.

Where the want of jurisdiction of a justice of the peace, because of nonresidence of the parties, is not apparent on the face of the record, a plea to the jurisdiction, properly verified, or a motion to quash, likewise verified, is the proper manner in which to raise the question, and not by an unsupported motion to dismiss.

2. SAME—MOTION—SUPPORTING PROOF—NECESSITY.

A motion to dismiss a suit in justice's court because of the nonresidence of the parties, nonresidence not appearing on the face of the record, and the motion not being supported by any proof, is properly denied.

3. SAME—REVIEW—CERTIORARI—QUESTIONS CONSIDERED.

On certiorari to review a judgment of a justice of the peace, plaintiff cannot retry questions of fact on new affidavits and proofs in the circuit court; the office of the writ being to review questions of law.

Error to St. Joseph; Yaple, J. Submitted June 7, 1907. (Docket No. 53.) Decided July 13, 1907.

Assumpsit in justice's court by William Appleman against Ammon Hahn for excessive fees collected in the capacity of a public officer. There was judgment for plaintiff, and defendant brought certiorari to the circuit court. There was an order affirming the justice's judgment, and defendant brings error. Affirmed.

*Wilbur F. Thomas* and *H. O. Bliss,* for appellant.

*George H. Arnold,* for appellee.

HOOKER, J. The township of Park lies immediately north of the township of Lockport, in the county of St. Joseph. The city of Three Rivers was constituted from

a portion of the territory within the original limits of the township of Lockport, but no part of it is contiguous to the township of Park. The plaintiff brought an action of assumpsit against the defendant before a justice of the peace of the township of Park, summons being returned personally served. The defendant appeared specially for the purpose of moving the dismissal of the case, "upon the ground that the court has no jurisdiction over the persons of the parties, because it appears that plaintiff and defendant reside in the city of Three Rivers, which said city does not adjoin the township of Park." The motion was overruled, and defendant took no further part in the proceedings; and the justice proceeded with the cause and rendered a judgment for the plaintiff. The defendant removed the cause to the circuit court by certiorari, where it was affirmed, and it is now before us on writ of error issued at the instance of the defendant.

The return shows that the plaintiff had, prior to the commencement of this action, been arrested upon a criminal warrant, by the defendant, who was deputy sheriff, and taken before the magistrate who issued the warrant, where he pleaded guilty to the charge, and was sentenced to pay a fine and the costs, which were taxed, and which plaintiff paid. The costs as taxed included an item of $1.70 for the fees of the defendant. This action was begun upon the claim that said charge was excessive, to the amount of $1. Plaintiff declared orally "upon the common counts in assumpsit, and especially for money received by the defendant for official duty or services as deputy sheriff, over and above such as are allowed by the laws of this State, and contrary to and in violation of the statutes of the State of Michigan (3 Comp. Laws, §§ 12012, 11240, 11241, and 11242) relative to asking or receiving other or greater fees or reward for services as an officer than are allowed by the laws of this State, and providing the penalty for the same." Defendant did not plead. The special appearance, motion, and denial thereof appear from the return, and it also appears that the alleged over-

charge was proved to have been $1, and thereupon the justice rendered judgment for $3, and costs, taxed at $4.55. The errors assigned were:

1. That the court was without jurisdiction, for the reason that both parties lived in Three Rivers.
2. That plaintiff's right had been adjudicated in the criminal case by the taxation of the fees at $1.70.
3. That the judgment for $3 was not warranted under the declaration, which claimed only "single damages."

Regarding these assignments, the justice returned that, "as to the place of residence of the parties, there was no evidence before him intimating in any way the place of residence of either party, and none was offered in support of the motion; that as to a former adjudication no such question was raised before him; that as to the damages he determined them to be $3 from the declaration and the statutes." Subsequent to the filing of the return, a motion for an amended return was made, which was supported by affidavit, to the effect that, upon the hearing of the motion to dismiss, it was conceded by plaintiff's counsel that both parties resided in Three Rivers. Such return being ordered, the justice filed such return, which stated that no such concession was made, that he did not know of such fact, and that he did not take the matter under advisement for the purpose of determining whether he had jurisdiction, when both plaintiff and defendant resided in said city, and overruled the motion because he did determine that he had, and that he based his decision on the ground that no evidence had been offered as to the residence of either party. At circuit the court held that, in the absence of evidence, the court could not presume that the parties lived in Three Rivers, and, as stated, affirmed the judgment.

The want of jurisdiction in this cause was not apparent in the face of the record at the time the motion was made, but depended upon matters dehors the record. A plea to the jurisdiction, properly verified, would have been a proper way to raise the question. Under our practice it

is also proper to raise it by a motion to quash, setting up the facts relied upon, and ordinarily such motion should be verified.

The defendant submitted the question without offering any proof in support of his motion, and we think that it was not error on the part of the justice to deny the motion to dismiss the case under such circumstances. The office of a writ of certiorari is to bring up the record for review on questions of law, and unless it shows an error of law below, the judgment must be affirmed. The plaintiff in certiorari cannot retry the question of fact on new affidavits or proofs in the circuit court.

The judgment is affirmed.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.