## HENIKA v. BROWN.

1. JUSTICES OF THE PEACE—PLEADINGS—JURISDICTION—PRESUMPTIONS.

In an action in justice's court, commenced by long summons personally served upon defendant within the county, the court was justified in rendering judgment for plaintiff on the nonappearance of defendant; a presumption arising from the issuance of a long summons that defendant was a resident of the county.

2. SAME—REVIEW—CERTIORARI—CONCLUSIVENESS OF RETURN.

On certiorari to review a judgment obtained in justice's court, the case is heard upon the return; and the exclusion of affidavits used to obtain the allowance of the writ, showing the nonresidence of defendant, was not error.

Case made from Emmet; Shepherd, J. Submitted January 7, 1909. (Docket No. 35.) Decided March 3, 1909.

Assumpsit in justice's court by Charles B. Henika, Frank H. Henika, and Amos L. Henika, copartners as C. B. Henika & Co., against George E. Brown for goods sold and delivered. There was judgment for plaintiffs, and defendant brought certiorari in the circuit court.

There was judgment affirming the judgment of the lower court, and defendant appeals. Affirmed.

*Frank L. Keating*, for appellant.

*John G. Hill*, for appellees.

MOORE, J. This was an action brought in justice's court to recover a small demand. The case was commenced by long summons. The summons was personally served upon the defendant at the city of Petoskey. Defendant did not appear, and plaintiffs recovered a judgment, for damages and costs, amounting to $35.65. Defendant removed the case to the circuit court by certiorari. The judgment of the justice was affirmed by the circuit court. Defendant now asks this court to set aside the judgment. He submits two questions for the consideration of this court:

(1) Whether, from the fact that defendant not appearing, and the summons being a long one, the justice erred in rendering judgment without inquiry into, or some evidence before him of, defendant's residence or nonresidence.

(2) Whether, there having been no such evidence before, or any adjudication upon that fact, the defendant was precluded from showing the truth of it in this proceeding, in the manner and within the time attempted.

1. A presumption arises from the issuance of a long summons that the defendant is a resident of the county. *Segar* v. *Lumber Co.*, 81 Mich. 344, 347.

2. The defendant in the circuit court offered the affidavits used to obtain the allowance of the writ of certiorari for the purpose of proving the nonresidence of defendant. These affidavits were offered for the purpose of establishing error, and were excluded by the court. A case of certiorari is to be heard exclusively on the justice's return. *Dooley* v. *Eilbert*, 47 Mich. 615, 616; *People* v. *Hobson*, 48 Mich. 29; *Mann* v. *Tyler*, 56 Mich. 564; *People* v. *Etter*, 72 Mich. 177; *Hinchman* v. *Spaulding*, 137 Mich. 655; *Wetmore* v. *Dean*, 139 Mich. 627; *Ap-*

pleman v. Hahn, 149 Mich. 245; Lewis v. Detroit Board of Education, 139 Mich. 307. The exclusion of the affidavits was not error. The case at bar is governed by the cases of Courtis v. Garrison, 148 Mich. 226, and Appleman v. Hahn, 149 Mich. 248.

Judgment is affirmed.

Blair, C. J., and Grant, Hooker, and McAlvay, JJ., concurred.