BERNSTEIN *v.* THAYER.

1. APPEAL AND ERROR—CONTENTS OF RECORD—RETURN FROM
   JUSTICE'S TO CIRCUIT COURT.
   A paper purporting to amend a certified justice's return on
   certiorari to the circuit court, contradictory of the record ,
   and uncertified by the justice, cannot be considered on error.

2. JUSTICES OF THE PEACE—ADJOURNMENTS—CAUSE—WAIVER OF
   OBJECTION.
   An adjournment of a justice of the peace, made without a show-
   ing of cause, against the objection of the defendant, before
   . pleading, did not deprive the justice of jurisdiction when se-
   curity for costs was asked after the adjournment was ar-
   ranged.

3. SAME.
   Failure of the docket to show whether the adjourned hour was
   in the morning or afternoon does not invalidate the judgment,
   where no reasonable uncertainty as to the intention could be
   entertained.

Error to Kalkaska; Chittenden, J. Submitted April
13, 1909. (Docket No. 39.) Decided July 15, 1909.

Assumpsit in justice's court by Babetta Bernstein
against Frank Thayer for the amount of certain time or-
ders. Plaintiff took judgment by default, and defendant
appealed to the circuit court by writ of certiorari. A
judgment for defendant is reviewed by plaintiff on writ
of error. Reversed, and judgment entered for plaintiff.

*E. F. Sawyer*, for appellant.

*Withey & Withey*, for appellee.

MONTGOMERY, J. Plaintiff brought suit in justice's
court before John R. Hudson, justice of the peace, and
obtained a judgment in the sum of $211.50 and costs.
The defendant thereupon sued out a writ of certiorari to

review the action of the justice, alleging numerous errors. A return was made to this writ, and, it being deemed unsatisfactory to counsel, a further return was ordered by the circuit judge, requiring him to make a complete transcript of the docket and of the whole thereof, and of all the entries therein made relative to this cause, with a certificate as to the truth or falsity of such entry. Such amended return was made on the 11th of April, 1908. Just when the case was noticed for hearing does not appear; but, from statements in the briefs of counsel of both sides, the inference is that it was noticed for hearing for the September term, 1908. There appears in the record a paper entitled with the names of the parties to the case, stating that there was a mistake in the amended return, and assuming to state wherein the docket as returned and certified to by the justice in his amended return is inaccurate, and attempting an explanation of how the inaccuracy occurred. This is dated on the 21st day of September. On the 2d of November, 1908, judgment was entered reversing the judgment of the justice. The plaintiff thereupon removed the case to this court by writ of error.

The question is presented whether we can consider this paper as a modification of the return made upon the order of the court. It should be stated that the paper is not merely supplemental, but is contradictory of the return made by the justice in response to the order of the court. We think this must be treated as a mere fugitive paper, and not entitled to outweigh the official return made by direction of the court. Upon the application for filing such an amended return, the attorney for the plaintiff in certiorari was entitled to notice. It would have been within the power of the circuit judge to have required some evidence as to the truth of the statements contained in this paper, before permitting it to be filed as an amendment to the return. A similar question was raised in *Powers* v. *Russell*, 26 Mich. 179, where a paper signed by the justice, not purporting to be a part of the return to

the writ, and not dated, and not made in obedience to any order for further return, and being inconsistent and contradictory of the return itself, was rejected as no part of the record.    This ruling was followed in *Hewitt* v. *Oakland Probate Judge,* 67 Mich. 1 (34 N. W. 248).    We shall treat the original return, as modified by the return of the docket under the order of the circuit judge, as constituting the record in the case.

The affidavit alleges three grounds of objection:

*First.* Because the adjournment of the cause by the justice was against the objection of the defendant and without cause shown.

*Second.* Because said adjournment without pleading and without issue joined or any right reserved to plead later deprived the justice of jurisdiction.

*Third.* Because no hour on the 1st of August was named to which said cause was adjourned, and, no time other than the day to which said cause was adjourned being stated or shown in said proceedings, the justice had no jurisdiction to proceed further.

As to the first objection, the return shows that plaintiff called for an adjournment, and defendant objected to the same, but stated that, if an adjournment was to be had, August 1st would be a satisfactory date.    The court announced such adjournment to August 1st, and the defendant thereupon demanded security for costs, and plaintiff agreed to furnish security for costs on or before the 1st of August.    Security for costs was asked for after the adjournment was agreed upon, as shown by the return. We think any irregularity in the adjournment for want of cause or as having been made before the pleadings were filed was waived by this action taken by the defendant in the cause after, it is alleged, jurisdiction was lost.

The remaining question is whether the justice lost jurisdiction by failing to state the time of the adjournment. The amended return shows that the adjournment was had until the 1st day of August, 1907, at 2 o'clock at the town hall, in the village of Boardman.    The criticism of the docket in this regard is that it fails to state whether

it was 2 o'clock in the afternoon or 2 o'clock in the forenoon. We think this objection is not tenable. An adjournment to 2 o'clock is an adjournment equivalent to 2 o'clock p. m. of that day. It is inconceivable that any one could suppose it to mean 2 a. m., as that would be so far from business hours as to forbid such an assumption. Such an adjournment would be *per se* void as unreasonable, and would lose the court jurisdiction, if the hour had been named 2 o'clock a. m. Had the hour been such as to leave any uncertainty as to whether the forenoon or afternoon was meant, it might have been essential to designate it; but this is not such a case.

We think the judgment vacating the justice's judgment should be reversed, and that of the justice affirmed.

BLAIR, C. J., and GRANT, McALVAY, and BROOKE, JJ., concurred.