NELSON v. HILLEN.

1. JUSTICES OF THE PEACE — CERTIORARI — AMENDED RETURN — PRACTICE.

On certiorari from the circuit court to a justice of the peace, an amended return, filed by the justice after making his original return and after the cause had been submitted in the circuit, without any order of said court, which did not, so far as the record showed, consider the amendment, is a nullity.

2. SAME—SERVICE OF CERTIORARI—MOTIONS.

The objection that the record does not show service of the writ of certiorari on the justice within the required time, without taking into consideration the amended return, will not be considered, in the absence of a motion to dismiss the writ, raising the point in the court below and giving an opportunity to order a further return.

3. SAME—SPECIAL APPEARANCE BY MAIL—PROCESS.
    Filing a special appearance by sending the same by registered
        mail, with a motion to dismiss and an affidavit of defendant's
        residence in another county, is proper practice to raise the
        objection that defendant was entitled to a short summons,
        and that service of a long summons was defective.

4. SAME—DISMISSAL OF ACTION—JURISDICTION.
    And the cause should have been dismissed on certiorari when
        the justice's return showed that plaintiff knew that defend-
        ant was a nonresident of the county.

Error to Mecosta; Palmer, J. Submitted January 4,
1911. (Docket No. 17.) Decided February 1, 1911.

Assumpsit in justice's court by Murie Nelson against
John Hillen. Defendant removed the case, after judg-
ment for plaintiff, by certiorari to the circuit court. Judg-
ment for plaintiff. Defendant brings error. Reversed
and proceedings quashed without prejudice.

*Dan Youngs*, for appellant.

*W. D. Fast*, for appellee.

BLAIR, J. On the 16th of April, A. D. 1909, Murie
Nelson, as plaintiff, began a suit against John Hillen, as
defendant, before Merton Hunt, a justice of the peace of
the township of Fork, in the county of Mecosta, which
was returnable April 24, 1909, at 10 o'clock a. m. This
summons was personally served on the defendant Hillen
at the township of Fork, in Mecosta county, on the 16th
day of April, 1909, by William J. Dewey, a deputy
sheriff. After the defendant was served with the sum-
mons, he consulted his counsel, whereupon and on the
23d day of April, 1909, he filed with the justice a written
motion to quash the proceedings upon the ground that the
summons was a long summons and was served on him in
Mecosta county, while he, the defendant Hillen, was not
a resident of the county of Mecosta. This motion, to-
gether with the affidavits in support thereof showing de_

fendant's nonresidence, was received by the justice by registered mail, April 23d, one day before the return day. On the return day, the justice rendered judgment in favor of plaintiff, and, the case having been removed to the circuit court by writ of certiorari, that court affirmed the judgment of the justice. Defendant asks a reversal of the judgment upon the ground that the summons, being a long summons, was void, gave the justice no jurisdiction, and his motion to quash should have been granted.

The original return of the justice contains, among other things, the following:

"And I do also certify that at the time and place above specified for the return of said summons, the said party, Murie Nelson, appeared, the defendant did not appear, said plaintiff declared against the defendant as follows: Plaintiff declares orally on all common counts, and especially on two promissory notes herewith filed with the court, and claims damages in the sum of two hundred dollars. And thereupon I proceeded to try the said cause. On the trial of said cause, Murie Nelson, a witness, sworn on the part of the plaintiff, and thereupon plaintiff rested his cause. After hearing the proofs and allegations of the plaintiff, I, the said justice, did forthwith render judgment in favor of the plaintiff, and against the defendant, for one hundred eighty-seven dollars damages, and two dollars and twenty-five cents costs, and, in further answer to the facts set forth in the copy of the affidavit on which the said writ of certiorari was allowed, I do further certify and return to the first allegation of error. I return that I issued a long summons in this cause at the request of the plaintiff. The second allegation of error I return I proceeded in the cause at the request of the plaintiff; he knowing that the summons was a long summons and that the defendant was a nonresident. To the third, fourth, and ninth allegations of error I return that I received the special appearance and motion of the defendant by registered mail to dismiss the cause and showed the same to the plaintiff, but I was unable to determine whether the defendant could appear otherwise than in person or by attorney. I therefore filed the special appearance in the cause, and did not enter same on docket or rule on it, and leave it to the honorable circuit court to say whether it

was an error or not. I knew and the plaintiff knew that the defendant was a nonresident of the county."

On September 22, 1909, and after the cause had been submitted, the justice made a further return as follows:

" The attorney for defendant has asked me for amended returns in the above cause. I, Merton Hunt, the justice referred to in the above cause, do further certify and return to the writ of certiorari in this cause, that the notice for the writ of said certiorari was served on me within the five days, the suit was tried on the 24th day of April, 1909, and the writ was served on me the 27th day of April, 1909. In my return, I said the plaintiff knew and I knew that the defendant was a nonresident of Mecosta county, which was a mistake. I don't know what the plaintiff knew in the matter, and there was no evidence to show that the defendant was a nonresident of Mecosta county.

" Given under my hand the 22d day of Sept., 1909.

" MERTON HUNT,
" Justice of the Peace."

No order was made by the circuit judge for a further return, nor was any application made to him for that purpose.

We agree with the plaintiff's counsel that we cannot consider the amended return. The cause was submitted to the court and taken under advisement September 7th, and the amended return was not filed until September 24th, and, so far as this record discloses, was not considered by the court. If defendant desired a further return, he should have applied to the court for an order. *Marquette, etc., Rolling Mill Co.* v. *Morgan*, 41 Mich. 296 (1 N. W. 1045); *Monroe* v. *Reynells*, 131 Mich. 259 (90 N. W. 1065); *Bernstein* v. *Thayer*, 157 Mich. 625 (122 N. W. 365).

It is further objected by plaintiff that without the amended return it does not appear that the notice of intention to remove the cause by writ of certiorari was served on the justice within the required five days. It does not appear that the plaintiff raised this question by motion to dismiss or otherwise, in which event the court

doubtless would have ordered a further return. *Monroe v. Reynells, supra.*

We are of the opinion that the court erred in affirming the judgment. The filing of the written motion and affidavit of nonresidence was a special appearance. *Wagner v. Kellogg*, 92 Mich. 616 (52 N. W. 1017). The practice pursued was the proper practice to raise the question. *Appleman v. Hahn*, 149 Mich. 245 (112 N. W. 917); *Waring v. McKinley*, 62 Barb. (N. Y.) 612. The justice's return is inconsistent with the claim that plaintiff's testimony may have contradicted the defendant's showing by affidavit. The facts shown by the return entitled defendant to an order granting his motion.

The judgment is reversed and the proceedings quashed, but without prejudice to the right of the plaintiff to bring another suit.

OSTRANDER, C. J., and BIRD, HOOKER, and STONE, JJ., concurred.