## PEOPLE *v.* GRIMM.

1. CERTIORARI—JUSTICES OF THE PEACE—RETURN.
   The return of a justice of the peace in certiorari to review respondent's conviction of the crime of larceny must be taken as true.

2. LARCENY—VALUE—EVIDENCE—INFERENCES.
   Testimony in a larceny case that the hog which respondent was accused of having stolen weighed 137 pounds and had been sold for about 10 cents a pound, sufficiently tended to prove the value of the animal and sustained a conviction of the charge: evidence as to value might properly be of an inferential character.

3. VENUE—CRIMINAL LAW—JUSTICES OF THE PEACE.
   Testimony that stolen property was taken from the farm of a person in Dorr township, at the trial of a larceny case before a justice, sufficiently proved the venue to be in the county in which the action was tried and in which a township of Dorr was located; and the jury might properly take judicial notice that such township was situated in that county.

Error to Allegan; Cross, J. Submitted June 12, 1914. (Docket No. 102.) Decided October 2, 1914.

Louis Grimm was convicted of larceny and removed the cause to circuit court by certiorari. The conviction was affirmed. Respondent brings error. Affirmed.

*Grant Fellows,* Attorney General, and *E. W. Stone,* for the people.

*Clare E. Hoffman,* for respondent.

MOORE, J. This case was tried before a jury in justice's court. Respondent was convicted, sentenced, and then removed the case to the circuit court by a

writ of certiorari, where the same came on to be heard before the court on the 14th day of March, 1914.

The complaint and warrant charged respondent with stealing a hog of the value of $13, of the property of Jacob Laube, at the township of Dorr, in Allegan county, this State, on the 1st day of December, 1913.

The affidavit for a writ of certiorari is in the usual form. The judgment and conviction is alleged to be void because:

(1) The testimony failed to show the value of the property alleged to have been stolen.

(2) There was no proof of venue.

(3) The testimony was insufficient to sustain a verdict of guilty.

The circuit judge sustained the conviction. The case is brought here by writ of error.

It is a well-established rule that the return to a writ of certiorari must be accepted as true. *Galloway* v. *Corbitt*, 52 Mich. 460 (18 N. W. 218) ; *Alt* v. *Lalone*, 54 Mich. 302 (20 N. W. 52) ; *People* v. *Etter*, 72 Mich. 175 (40 N. W. 241) ; *Henika* v. *Brown*, 155 Mich. 559 (119 N. W. 1083). Accompanying the application for the writ is what purports to be a transcript of the testimony.

The return of the justice contains the following:

"I do certify that the transcript of the testimony attached to said affidavit does not contain all the evidence given on the trial of said cause, and that the witness Frank Laube testified that the hog which it was claimed was stolen by the said Louis Grimm weighed the sum of 137 pounds, and that said hogs, one of which was stolen, had been sold to Mr. Pitsch at North Dorr, at the price of a little less than 10 cents per pound, which was conclusive evidence that the hog claimed to have been stolen was worth about $13."

On the question of the proof of venue, the justice makes the following return:

"That the evidence produced on said trial was that the place where the hog was taken from was at the home of Jacob Laube, who lived on a farm about 2½ miles west of Dorr, in Dorr township, being southeast of here about five miles (the case being tried at Burnips Corners), and that said transcript of the testimony is not a true and correct transcript of the testimony given on said trial in the particulars above stated."

There is testimony in the transcript of the record also tending to show the venue.

1. Is there sufficient proof of value? The complaint states the value to be $13. Does not the proof warrant a fair inference that the hog was of value?

In 2 Wharton's Criminal Law (11th Ed.), § 1190, the rule is stated thus:

"In order to constitute the offense of larceny * * * it is necessary at common law that the thing stolen be of some value, however small."

And in section 1194:

"There need be no direct evidence of value of the article stolen. The value may be inferred generally from the facts in evidence."

The note to this section contains a copious note to the same effect. Underhill on Criminal Evidence, § 298; McClain on Criminal Law, § 582; 25 Cyc. p. 127; 18 Am. & Eng. Enc. Law (2d Ed.), p. 519. We think the return shows that the requirements of the rule were met.

2. Was there proof of venue? The complaint was made and the case tried by a jury in a court held by a justice of the peace in Allegan county. The testimony was that the property was taken from the farm of Mr. Laube in the township of Dorr. Dorr is one of the townships in Allegan county. It was very proper for the jury and the court to take notice that the township of Dorr was in Allegan county. See *People* v.

*Telford,* 56 Mich. 541 (23 N. W. 213); *People* v. *Curley,* 99 Mich. 238 (58 N. W. 68); *People* v. *Ayers, ante,* 241 (148 N. W. 383).

3. Was the testimony sufficient to sustain a conviction? It would profit no one to quote the testimony. A careful reading of it satisfies us that, after listening to it, no normal juror ought to hesitate a moment in finding that relator was guilty of the offense charged.

Judgment is affirmed.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OS-TRANDER, BIRD, and STEERE, JJ., concurred.