PEOPLE *v.* PROTEAU.

1. CRIMINAL LAW—SUPREME COURT—CIRCUIT COURT—CERTIORARI TO
   JUSTICE OF THE PEACE—RETURN—IMPROPER REMARKS OF PROSE-
   CUTING ATTORNEY.

   On appeal from circuit court's dismissal of writ of certiorari
   by which it reviewed defendant's conviction in justice's court
   of obtaining money under false pretenses, Supreme Court is
   limited to such information as it has from the return as to
   alleged improper remarks of prosecuting attorney.

2. SAME—MISTRIAL—JUSTICES OF THE PEACE—DISCRETION OF COURT.

   A justice of the peace is not shown to have abused his discretion
   in denying a mistrial where, from his return to circuit court's
   writ of certiorari to review conviction of obtaining money
   under false pretenses, it appears that prosecuting attorney's
   reference to a separate charge of malicious destruction of
   property was preceded by a statement concerning it in the
   presence of the jury by defendant's attorney and it was sub-
   sequently discussed by both sides in their argument to the jury.

3. ARREST—WITHOUT WARRANT—STATUTES.

   A peace officer may, by virtue of statutory authorization, without
   a warrant, arrest a person when the officer has been authorita-
   tively advised that a warrant has been issued (3 Comp. Laws
   1929, §§ 17149, 17152).

4. SAME—STATUTES—WARRANTS.

   Arrest by deputy sheriff who did not have warrant in his pos-
   session but informed accused that one was in the sheriff's
   office and it was exhibited to defendant on the same day after
   he had been lodged in jail was in compliance with statutory pro-
   visions relative to arrest without a warrant where warrant
   was issued upon recommendation of prosecuting attorney
   upon same day as complaint was made (3 Comp. Laws 1929,
   §§ 17149, 17152).

5. CRIMINAL LAW—CERTIORARI—RETURN OF JUSTICE—AFFIDAVITS OF
   COUNSEL.

   A defendant who relies upon certiorari to review conviction had
   before a justice of the peace rather than upon appeal is
   bound by the return made by the justice in accordance with

statutory requirements and an affidavit of counsel in support of application for writ of certiorari concerning alleged errors may not be considered (3 Comp. Laws 1929, § 17462).

6. SAME—CERTIORARI—SUFFICIENCY OF RETURN—AMENDMENT.

Conclusion of circuit judge reviewing defendant's conviction before justice of the peace of obtaining money under ·false pretenses by certiorari that return as originally made was sufficient, after he had issued an order for an amended return, *held*, not an abuse of discretion (3 Comp. Laws 1929, §§ 17462, 17464).

7. SAME—MISCARRIAGE OF JUSTICE.

On appeal from judgment of circuit court dismissing certiorari proceeding to review conviction of defendant before justice of the peace of the crime of obtaining money under false pretenses, record *held*, not to show a miscarriage of justice requiring reversal (3 Comp. Laws 1929, §§ 17354, 17462, 17464).

Appeal from Macomb; Reid (Neil E.), J. Submitted January 16, 1941. (Docket No. 115, Calendar No. 41,221.) Decided April 8, 1941.

Oliver J. Proteau was convicted in justice's court of obtaining money under false pretenses. Defendant removed cause to circuit court by certiorari. Judgment affirmed. Defendant appeals. Affirmed.

*Roy F. Andes,* for appellant.

*Herbert J. Rushton,* Attorney General, *Ivan A. Johnston,* Prosecuting Attorney, and *Howard R. Carroll,* Assistant Prosecuting Attorney, for the people.

BUSHNELL, J. Defendant Proteau was charged with fraudulently and feloniously disposing of and converting to his own use personal property of the value of $29.58. At his arraignment before a justice of the peace he entered a plea of not guilty to

the charge of embezzlement and several days later was released under personal bond. At the trial a motion was made to amend the complaint and warrant to include counts of larceny and obtaining money under false pretenses. Over the objection of the defendant this motion to amend was granted by the justice, whereupon the defendant withdrew his plea of not guilty and stood mute. Defendant then moved to quash the warrant on the ground that it was not properly signed and to dismiss on the theory that, when defendant was arrested, the officer did not have the warrant in his possession. These motions were denied and, after trial before a jury, defendant was convicted and sentenced to serve a term of 90 days in the county jail. A writ of certiorari was granted by the circuit court to which the justice made a return.

At the hearing in the circuit court, defendant complained that the return of the justice was insufficient and incorrect. The court subsequently entered an order requiring the justice to ''amend and make further return to all the matters specified in the affidavit of Roy F. Andes attached to and from which said writ of certiorari issued.'' The record shows that a number of days elapsed before the hearing was resumed, at which time defendant informed the court that, although several of the questions raised in his affidavit for writ of certiorari had been eliminated, he supposed the remaining questions would be answered by an amended return as previously ordered. The court then informed counsel that the justice had requested information by telephone from the court as to the amendments desired. The circuit judge stated that the request of defendant's counsel for an amended return was too general and did not contain sufficient specific details on which an amended return could be made

and, without allowing further argument, said that, after review of all the records filed, the court could not see "any sufficient reason for disturbing the judgment," and dismissed the proceedings.

The various questions raised by appellant may be summarized as follows:

1. Was defendant entitled to a new trial because of the claimed prejudicial remarks of the prosecutor?

2. Should defendant's motion to quash the warrant have been granted because the officer did not have the warrant in his possession when he arrested the defendant?

3. Was improper testimony admitted as to defendant's reputation?

4. Was the return of the justice of the peace sufficient under the statute? (3 Comp. Laws 1929, § 17462 [Stat. Ann. § 28.1229].)

5. Was the court justified in refusing to require the justice to comply with the order for an amended return?

The claimed improper remarks of the prosecuting attorney had to do with a separate charge of malicious destruction of property then pending against the defendant. The return of the justice of the peace shows that defendant's motion for mistrial' on this ground was denied because, prior to the statement by the prosecutor, defendant's attorney had referred to this other charge in the presence of the jury, and it was subsequently discussed by both sides in their argument to the jury. We are not informed as to the exact language used, except by general statements in the affidavit of defendant's counsel. We are limited to such information as we have from the return. *People* v. *Hobson,* 48 Mich. 27, and *Henika* v. *Brown,* 155 Mich. 559. The return does not indicate that the justice abused his

discretion in denying defentant's motion for mistrial.

By statutory authorization, a peace officer may, without a warrant, arrest a person when he has been authoritatively advised that a warrant has been issued. 3 Comp. Laws 1929, § 17149 (Stat. Ann. § 28.874). A new section of the criminal code now specifically provides that:

"Where an arrest is made under a warrant, it shall not be necessary for the arresting officer personally to have the warrant in his possession but such officer must, if possible, inform the person arrested that there is a warrant for his arrest and, after the arrest is made, shall show such person said warrant if required, as soon as practicable." 3 Comp. Laws 1929, § 17152 (Stat. Ann. § 28.877).

For a general discussion of the law of arrest by Professor John B. Waite, see 29 Michigan Law Review, p. 448.

The complaint in the instant case was filed April 24, 1939. A warrant was issued upon the recommendation of the prosecutor and defendant was arrested the same day. When he was arrested, defendant asked the deputy sheriff if he had a warrant in his possession and was informed that he did not but that it was in the sheriff's office. Defendant did not see the warrant until he was lodged in the Macomb county jail on the same day. The record shows a compliance with the provisions of the statutes, *supra*.

Defendant complains of the alleged improper admission of testimony offered in rebuttal by the people as to defendant's reputation. The minutes of the justice show that defendant was sworn as a witness in his own behalf and that he was later called as a witness by the people. They also show that

Frank Strohm and Edgar I. Moses were sworn for the people. The return of the justice says:

"I do further certify and return that a motion was made by the attorney for the defendant to strike from the record testimony introduced by the people's witnesses Frank Strohm and Edgar I. Moses and that such motion was denied for the reason that these witnesses testified not as to the character of the defendant but [were?] used as impeachment witnesses and testified as to his general reputation as to truth and veracity in the neighborhood in which he resided, that these witnesses attacked only his creditability and not his reputation."

In *People* v. *Etter,* 72 Mich. 175, the court said:

"When a person is convicted of a criminal offense before a justice of the peace, and conceives that injustice has been done him, he has a choice of two remedies—he may appeal to the circuit court, where a retrial will be had upon the merits; or he may remove the conviction into the circuit court by writ of *certiorari*. If he chooses the latter remedy, he elects to rely upon such return as he may be able to obtain from the justice, and he can claim no error that is not shown by the return."

Defendant relied on certiorari and we are bound by the return.

We have examined the record presented which does not contain a transcript of the testimony taken before the justice, there being only a summary of the proceedings noted by the justice on the back of the warrant and the further statement made by the justice in his return to the writ. Defendant's counsel filed a lengthy affidavit in support of his application for writ of certiorari in which he summarized the testimony and the circumstances constituting the errors of which he complained. We cannot review the matter upon the affidavit of counsel and are bound by the return which we find is in accord with

statutory requirements. 3 Comp. Laws 1929, § 17462 (Stat. Ann. § 28.1229).

3 Comp. Laws 1929, § 17464 (Stat. Ann. § 28.1231), provides that: ''The circuit court shall have power to compel a return or an amended or further return to all writs of certiorari issued under the provisions of this act.'' See Tiffany's Justice Guide (10th Ed.), § 561.

Such an order was issued by the circuit court, but the justice did not file an amended return. Upon inquiry into that situation the circuit judge, in effect, vacated the order by refusing to require an amended return and by dismissing the certiorari proceedings under circumstances hereinbefore related.

As was said in *Mann* v. *Tyler,* 56 Mich. 564:

''The return as actually made by the justice shows no ground of error on which, in our opinion, we should be warranted in reversing his judgment. If it is reversed, therefore, it must be either because the circuit court refused to require a further return, or upon the grounds alleged or suggested in the last assignment of error.

''We do not think we can reverse it because further return was not ordered. Considerable latitude must be left to discretion in such matters. This Court would be utterly unable to perform its functions and clear its docket, if matters of practice at the circuits were subject to review here. We say nothing, now, of a case of gross and palpable abuse of discretion, which we cannot say appears in this case.

''The last assignment of error, it will be seen, attacks the return, and suggests that a different state of facts exists from that shown by it. It may be that this is true. But in suing out the writ of certiorari the party elects to rely upon such return as he is able to obtain, and he can claim no errors as grounds of reversal that are not shown by

it. *People* v. *Hobson,* 48 Mich. 27; *Rawson* v. *McElvaine,* 49 Mich. 194. An argument that seems to render probable that an error exists, which the return does not show, is of no avail whatever.

"Certiorari, in cases which stand upon facts, is a remedy not favorable to justice, because it may set aside a righteous judgment upon errors more technical than substantial. For this reason intendments should be against error on doubtful facts; not in favor of it. The remedy more conducive to justice manifestly is an appeal. We have explained this in other cases to which we now refer. *Ritter* v. *Daniels,* 47 Mich. 617; *Howell* v. *Shepard,* 48 Mich. 472; *Erie Preserving Co.* v. *Witherspoon,* 49 Mich. 377; *Whitbeck* v. *Common Council of Hudson,* 50 Mich. 86; *Wilkinson* v. *Williams,* 51 Mich. 155."

In the instant case the circuit judge concluded that the return as originally made by the justice was sufficient. This conclusion was not an abuse of discretion.

3 Comp. Laws 1929, § 17354 (Stat. Ann. § 28.1096), provides:

"No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this State in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice."

Our examination of the entire cause requires affirmance. The judgment is affirmed.

Sharpe, C. J., and Boyles, Chandler, North, McAllister, Wiest, and Butzel, JJ., concurred.