*In re* ERDMAN'S ESTATE.

APPEAL OF KNACK.

1. ESTATES OF DECEDENTS — TRUSTS—PROBATE COURTS—APPEAL—APPOINTMENT OF TRUSTEES.

> Orders of the probate court under Act No. 253, Pub. Acts 1899 (4 How. Stat. [2d Ed.] § 10710), appointing trustees to administer an estate in accordance with the will of decedent, and to take the place of the trustees named by him, they having failed to qualify, are not proceedings after the course of the common law, nor do they present issues subject to the common law rules of trial or appeal.

2. SAME—CERTIORARI—JURISDICTION—EQUITABLE ISSUES.

> No remedy, except by certiorari, in such case, lies to review the determination of the circuit court on appeal from the orders of the probate court; on certiorari only questions of law are reviewable.

3. SAME—APPEAL AND ERROR—DISMISSAL.

> A writ of error does not lie to review such order.

4. SAME—PROBATE COURTS — TRUSTS—APPOINTMENT OF TRUSTEES —JURISDICTION.

> Where the testator appointed by his will four trustees to take charge of, and administer his estate, of whom two neglected to give the required bond, refusing to accept the trust, and the others omitting to file their bonds in time, did so, however, before the filing of a petition by other interested parties to appoint a trustee to fill the vacancies, also presenting a separate petition with the bond, showing that they had overlooked the requirement of filing their bonds within thirty days, the probate court acted within its jurisdiction in making orders appointing a single trustee to have charge of the portion of decedent's estate in which the original petitioners were interested, and appointing the two petitioners named as trustees of the remainder of such estate.

5. SAME—TESTAMENTARY TRUST—EXECUTORS AND ADMINISTRATORS.

> It was proper, in closing up decedent's estate, after discharging the executors, to assign the remaining property

to the trustees, so appointed, nor was it an abuse of discretion to separate a fund from the body of the estate, by putting it in charge of a distinct trustee, when the testator had by his will indicated a purpose to set such fund aside from the estate.

Error to Wayne; Mandell, J. Submitted January 12, 1914. (Docket No. 61.) Decided March 27, 1914.

Petition by Carl Maser and another in probate court for the appointment of a trustee of the estate of Charles Erdman, deceased. Emma Erdman filed a petition for leave to file her bond and qualify as trustee after defaulting in necessary steps to be taken. From the order entered petitioners appealed to the circuit court which affirmed the decree. Petitioners bring error. Affirmed.

*Jasper C. Gates,* for appellants.

*Bowen, Douglas, Eaman & Barbour,* for appellees.

OSTRANDER, J. Acting under authority of Act No. 253, Public Acts of 1899 (4 How. Stat. [2d Ed.] § 10710), the probate court of Wayne county made two orders appointing trustees to administer the estate of Charles Erdman, deceased, in accordance with the last will and testament of said deceased. Two persons beneficially interested in the estate appealed from these orders to the circuit court for the county of Wayne, where they were affirmed. The appellants thereupon sued out a writ of error to the circuit court and have thus brought the record of the proceedings before us. No motion to dismiss the writ of error was made, but in the brief for the appellee it is, and at the hearing it was, urged that error does not lie to review the orders of the circuit court.

The statute (section 42) gives aggrieved parties the right to appeal to the circuit court from orders of the probate court. It gives no right of appeal to this

court from the decisions of the circuit court. It is entitled "An act to establish and confirm the jurisdiction of probate courts over testamentary trusts and trustees, and to provide for the administration and control of such trusts in said courts." It was necessary, to carry into effect the provisions of the will of Charles Erdman, that trustees be appointed. They were, four in number, appointed in the will, and, having filed and had allowed their final account as executors of the will, an order was made assigning the residue of the estate to them as trustees, and they were ordered to give a bond in the penal sum of $60,000. They neglected, or refused, to execute the bond. The giving of the bond is a statutory prerequisite to entering upon the performance of duties as trustees. The date of the last proceeding in the administration of the estate by the executors was September 13, 1912. The appellants petitioned the probate court December 30, 1912, to appoint Arthur E. Schreiter trustee. Emma Erdman, the widow, filed a petition March 7, 1913, in which she set up that two of the testamentary trustees had resigned, that by oversight she and the other consenting testamentary trustee did not file the required bond within 30 days, but had filed it before filing the said petition; that, to avoid any question as to the authority of herself and cotrustee in the premises, she prays that she and her cotrustee may be appointed by the court, trustees of the estate. On the 29th day of April, 1913, by orders made and entered that day, the Union Trust Company of Detroit was appointed trustee of that portion of the estate in which the appellants are interested, and Mrs. Erdman and William Hegge, two of those named in the will, were appointed trustees of the remainder of the estate and ordered to give a bond in the sum of $60,000. These are the orders appealed from.

It is manifest that the orders in question were made

in proceedings to administer this estate, that the proceedings are not, and so far as they are involved here could not become, either in the probate or the circuit court, proceedings after the course of the common law, or present issues triable at common law or by common-law rules. The rule in such cases is, and it has been often repeated and applied, that if there is any review of the determination of the circuit court it is by certiorari, and that in certiorari proceedings questions of law only will be considered. Very recently, in *Hartz* v. *Wayne Circuit Judge,* 164 Mich. 231 (129 N. W. 25), a collection of decisions applying this rule was given, and still later, in *Township of Custer* v. *Dawson,* 178 Mich. 367 (144 N. W. 862), the subject is again considered. See, also, *Brinsmade's Appeal,* 52 Mich. 537 (18 N. W. 346), and *Mower's Appeal,* 48 Mich. 441 (12 N. W. 646), for discussion of the rule.

The writ of error should be and is dismissed, with costs to appellee; but, inasmuch as the cause has been heard, we express the opinion that the probate court acted within its jurisdiction, and regularly, in making the orders in question.

The probate court, in making the orders in question, did not vacate its own order previously made. Four trustees were named by the testator, first as executors, then as trustees. It was proper, upon closing the estate, to assign the residue to the persons so named, as trustees; but they could accept the trust and perform the duties of trustee only after filing the required bond. They did not file it. This was by all parties regarded as a resignation of the testamentary trusteeship. Thereupon appellants, as well as Mrs. Erdman, conceiving and in effect confessing that there were and had been no trustees, and that trustees ought to be appointed by the court, petitioned the court to make the appointment. The court, in its discretion, ap-

pointed Mrs. Erdman and Mr. Hegge trustees of all of the estate except a fund of $6,000. This had already been set aside, agreeably with the testator's wishes and authority to his executors "to set aside the sum of six thousand dollars, and the income thereof to be used for the care of," etc. A considerable portion of the estate was involved in a business of which Mr. Erdman had been the manager. Evidently, it was his purpose to separate the fund of $6,000 from the rest of the estate—to set it aside.

Under the circumstances, it was not an abuse of discretion, especially when the attitude of appellants was considered, to give the management of this fund to a separate trustee.

McALVAY, C. J., and BROOKE, KUHN, STONE, BIRD, MOORE, and STEERE JJ., concurred.