McGURRIN *v.* GRAND RAPIDS TOWNSHIP BOARD.

1. CERTIORARI—ISSUES—EVIDENCE—RETURN—CONCLUSIVENESS.
  In proceedings in certiorari to review the action of a township board or official in granting a liquor license, the return to the writ must show all the jurisdictional

facts; the petitioner cannot rely on facts shown by the affidavit or petition.

2. SAME—ISSUES INVOLVED—AFFIDAVIT.

Questions of law only are presented by proceedings in certiorari, and the issue is presented by the record as made from the return filed.

3. SAME—INTOXICATING LIQUORS—LICENSE.

2 Comp. Laws, § 5443 (2 How. Stat. [2d Ed.] § 3746), provides a fine and imprisonment for the violation of its provisions relating to the location of a saloon within one mile of the Michigan Soldiers' Home, and thereby furnishing its own means of enforcement.

4. SAME.

No practice permitting the circuit court to frame an issue of fact in certiorari proceedings is recognized, as in proceedings for mandamus. The return may be required to answer the averments of fact contained in the petition, but the court cannot look beyond admissions and allegations of the return.

Case-made from Kent; Brown, J. Submitted April 23, 1915. (Docket No. 58.) Decided June 7, 1915.

Certiorari by William T. McGurrin against the township board of Grand Rapids township, in the county of Kent, to review the action of the board granting a retail liquor license. Judgment for plaintiff; defendant board brings case-made. Reversed.

*Lombard, Hext & Washburn, Corwin & Souter,* and *Travis, Merrick & Warner,* for appellant.

*Edward N. Barnard,* Prosecuting Attorney, and *William K. Clute,* Assistant Prosecuting Attorney, for the people.

KUHN, J. This is a case-made to review proceedings by certiorari brought to review the action of the township board in approving an application and bond for a saloon license. The affidavit in support of the writ was made by the relator, who is the command-

ant of the Michigan Soldiers' Home, and alleges, in substance, that the board had unlawfully approved the application and bond of one Charles Van Steenberg to maintain a saloon in said township, for the reason that the saloon was within one mile of "the home for disabled soldiers, sailors, and marines" established by the State of Michigan. In the petition for the writ the following appears:

"This affidavit is made for the purpose of procuring and in support of a writ of certiorari to review the proceedings of the township board in the premises, and to reverse, vacate, and set aside the proceedings of said township board."

In the writ issued by the circuit court the command reads as follows:

"That you distinctly and openly certify the records and the proceedings in said matter to the said circuit court, that the said circuit court may have them at the said circuit court in the city of Grand Rapids on the 27th day of July, A. D. 1914, at 10 o'clock in the forenoon, that said court may cause to be done thereupon what by right ought to be done, and have you then and there this writ."

The return to the writ sets up the proceedings of the township board meeting, showing the accepting of the application of Charles Van Steenberg for a liquor license, the approving of his bond, and, further, the extension of time from 9 p. m. to 11 p. m. was granted him during which his saloon might be kept open.

On the hearing of the matter in the circuit court counsel for respondent moved to dismiss the writ for the reason that the return, which was in full compliance with the command of the writ, did not show want of jurisdiction on the part of the respondent to accept the application and approve the bond. This motion was denied by the court, and an issue was ordered framed and proofs taken to determine the

truth of the allegation in the affidavit filed to obtain the writ. In view of the conclusion that we have reached, the only question which it is now necessary for us to consider is whether or not the court erred in refusing to grant the motion made by counsel at the opening of the hearing and dismiss the writ.

It is a general rule, and it seems to be well established in this State, that the office of the common-law writ of certiorari is to bring up for review the proceedings of the lower court or the proceedings of an official board, to determine whether such court or board acted within its jurisdiction, or to review the manner in which the jurisdiction was exercised, but not to review questions of fact. We have been unable to find any authority warranting the practice here indulged in of directing and permitting the framing of an issue for the purpose of taking proofs in certiorari proceedings. The rule seems to be properly stated by Mr. Stevens in his work on Michigan Practice, vol. 2, p. 510:

"There is no practice in certiorari which permits the framing of an issue as in mandamus cases. Furthermore, as a general rule, 'the return to a certiorari must show everything upon which the plaintiff relies for relief, and, if the return is insufficient, he must cause it to be supplemented by amendment. He cannot rely upon the affidavit for the certiorari to supply the deficiencies of the return.' The affidavit cannot in general be used 'to establish a fact not found in the return.'"

It is urged by counsel for appellee that, while it is true that only errors of law can be tried on certiorari, and that the return is not traversable, where the question is upon a jurisdictional ground, and the return is silent with reference thereto, the allegations of fact in the affidavit showing such total lack of jurisdiction are presumed to be true, and that the respondent intended by its silence to admit them. The

case of *Wilson* v. *Township Board of Burr Oak*, 87 Mich. 240 (49 N. W. 572), is relied upon to sustain this contention, where Mr. Justice LONG, in writing the opinion, after having given other reasons for quashing the proceeding for laying out a highway, said:

"We think also that the township board erred in proceeding to lay out the highway, if Whitmer and Bishop, two of the members of said board, or either of them, were financially interested in its being laid out. The board makes no return to this allegation in the affidavit upon which the writ of certiorari was issued and, there being no contradiction of the affidavit, we must take the affidavit as true."

An examination of the original record of this case shows that the return of the township board to the writ issued by this court sets up copies of all the records, papers, and petitions in laying out the road in question and all the transactions thereof, including affidavits filed with the board showing the disqualification of the members in question, and no denial is made by the board. It therefore appears that this court did not go *dehors* the record made by the return in determining the case. No such situation is here presented, as the return does not disclose that the question of the distance of the saloon from the soldiers' home was ever called to the attention of the township board, and is silent with reference thereto. While it may be said that, where the return which constitutes the record shows jurisdictional facts, they are to be considered admitted if not denied, we have not been able to find any authority in this State which holds that the simple allegation of such facts in a petition for the writ, concerning which no return is required or made, can be said to be admitted. While it may be true that the court in its command might have required the respondent board to make answer to any allegations in the affidavit as to jurisdictional

matters, if any there were, nevertheless in the instant case the court did not do so, and the return as certified was a full compliance with all that was required by the writ. 6 Cyc. p. 830.

In the case of *Jackson* v. *People*, 9 Mich. 111, at page 120 (77 Am. Dec. 491), this court said:

"Where facts exist which, if apparent, would have ousted the jurisdiction, they have been allowed to be set forth in the affidavits of the relator, and a response required."

In *Mann* v. *Tyler*, 56 Mich. 564, at page 567 (23 N. W. 314, at page 315), Mr. Justice Cooley, in speaking of the office of the writ of certiorari, said:

"But in suing out the writ of certiorari the party elects to rely upon such return as he is able to obtain, and he can claim no errors as grounds of reversal that are not shown by it. *People* v. *Hobson*, 48 Mich. 27 [11 N. W. 771]; *Rawson* v. *McElvaine*, 49 Mich. 194 [13 N. W. 513]. An argument that seems to render probable that an error exists which the return does not show is of no avail whatever."

In *Whitbeck* v. *Common Council*, 50 Mich. 86, on page 87 (14 N. W. 708, at page 709), it is said:

"The general rule undoubtedly is that the return to a certiorari must show everything on which the plaintiff relies for relief, and that, if the return is insufficient, he must cause it to be supplemented by amendment. He cannot rely upon the affidavit for the certiorari to supply the deficiencies of the return."

In *Hewitt* v. *Judge of Probate*, 67 Mich. 1 (34 N. W. 659), the syllabus reads as follows, which seems to be supported by the text of the opinion:

"An affidavit for certiorari cannot be used to establish a fact not found in the return, from which the court must obtain the facts in controversy."

It is true, as said in the opinion of this court in *Booker* v. *Medical College*, 156 Mich. 95 (120 N. W.

589, 24 L. R. A. [N. S.] 447), by Mr. Justice Ostrander, that:

"In certiorari proceedings this court considers questions of law only, and such questions of law as are supposed to be presented in the particular case must be raised in the affidavit for the writ."

See, also, 5 Ruling Case Law, p. 253, under title "Certiorari." But the record for the determination of this question is made, under the authority of all the decisions in this State, by the return. See, also, *In re Erdman's Estate,* 179 Mich. 567 (146 N. W. 400).

It might be suggested that the statute which is sought to be enforced by means of the writ of certiorari provides for its own means of enforcement by fine and imprisonment. Act No. 31, Pub. Acts 1887; section 5443, 2 Comp. Laws (2 How. Stat. [2d Ed.] § 3746).

We are of the opinion that the question as to the distance of the saloon in question from the soldiers' home was not before the circuit court for consideration upon the proceedings therein pending, and that it was the duty of the court, upon the record as made by the return, to grant the motion made to dismiss the writ.

The writ must be quashed, with costs to appellant.

Brooke, C. J., and McAlvay, Stone, Ostrander, Bird, Moore, and Steere, JJ., concurred.