PEOPLE *v.* CARTER.

1. INFANTS—CRIMINAL LAW—JURISDICTION.
   On certiorari to review the conviction and sentence of defendant, where the jurisdiction of the recorder's court of the city of Detroit is questioned under the provisions of Act No. 6, Pub. Acts 1907, as amended by section 6, Act No. 105, Pub. Acts 1923, requiring transfer to juvenile division of the probate court if accused is under 17 years of age, the finding of the trial judge that defendant was 17 years of age when sentenced, *held*, justified by the record.[1]

2. CERTIORARI—CRIMINAL LAW.
   Questions of fact cannot be decided on certiorari.[2]

Certiorari to recorder's court of Detroit; Stein (Christopher E.), J.    Submitted April 27, 1926. (Calendar No. 32,199.)    Decided June 7, 1926.

James Carter was convicted of larceny, and sentenced to imprisonment for not less than 2½ nor more

[1]Infants, 31 C. J. § 224; [2]Certiorari, 11 C. J. § 363.

than 5 years in the Michigan reformatory at Ionia. Writ dismissed.

*Robert J. Willis,* for appellant.

BIRD, C. J.    Defendant was informed against in the recorder's court for the city of Detroit for having committed the crime of burglary on December 7, 1924. His conviction followed.    On December 17, 1924, he was sentenced to a term of 2½ to 5 years in the Michigan reformatory at Ionia.

This proceeding is certiorari issued in his behalf. His counsel raises the question of jurisdiction of the recorder's court because defendant was only 15 years of age and because the provisions of Act No. 6, Pub. Acts 1907, as amended by section 6 of Act No. 105, Pub. Acts 1923, were not observed.    The section, as amended, reads as follows:

"SECTION 6. Whenever any child under the age of seventeen years is arrested with or without a warrant, such child shall be taken immediately before the juvenile division of the probate court, and the officer making the arrest shall immediately make and file or cause to be made and filed a petition against such child as hereinbefore provided; and the said court shall proceed to hear and determine the matter in like manner as hereinbefore provided.    If, during the pendency of any criminal case against any child in any court in this State having criminal jurisdiction, it shall be ascertained that said child is under the age of seventeen years, it shall be the duty of the court before whom such case is pending to immediately transfer such case, together with all papers connected therewith, to the juvenile division of the probate court: *Provided, however,* That in any case where a child over the age of fifteen years is charged with a felony, the judge of probate may, after investigation and examination, and upon motion of the prosecuting attorney, waive jurisdiction; whereupon it shall be lawful to try such child in the court having general criminal jurisdiction of such offenses."

The record does not disclose defendant's age with certainty. When defendant was questioned by the court upon his plea of guilty, he testified as follows:

"*Q.* You have been in trouble once before?
"*A.* I have. Sent away for six months.
"*Q.* How old are you?
"*A.* Seventeen.
"*Q.* When is your birthday?
"*A.* March 28th.
"*Q.* You are past 17? What year were you born?
"*A.* 1909.
"*Q.* Fifteen?
"*A.* No response."

Later he was questioned again, and he replied:

"*Q.* How old are you?
"*A.* Seventeen."

The court, in pronouncing sentence, said:

"The above named defendant being in open court for sentence, and having been heard in response to the statutory questions propounded to him, is sentenced by the court, he being of the age of fifteen years, to be committed," etc.

Later, the record was amended as follows:

"In the above entitled cause, upon motion of William McKay Skillman, assistant prosecuting attorney, an order is hereby entered by the court correcting the journal entry of judgment entered on the 17th day of December, 1924, to read he being now of the age of 17 years instead of his being now of the age of 15 years, said entry of 15 years being made in error.
                                    "Charles L. Bartlett,
                                        "Recorder of the City of
                                            Detroit."

While the record leaves the question of defendant's age somewhat in doubt, we think it fairly shows from his own testimony that he was past the age of 17 years when he was sentenced. Perhaps the record presents a question of fact, but we cannot decide a

question of fact on certiorari. *In re Erdman's Estate,* 179 Mich. 567; *McGurrin* v. *Township Board,* 186 Mich. 475. We must be bound by the finding of the recorder's court, and we think that fairly shows that defendant was 17 years of age when the offense was committed.

The writ will be dismissed.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.