# CHARLESTON.

REYNOLDS TAXI COMPANY *v.* HON. A. P. HUDSON, *Judge.*

(Nos. 5818, 5819)

JAMES W. BARTLETT *et als. v.* HON. A. P. HUDSON, *Judge.*

(No. 5824)

Submitted September 8, 1926.   Decided February 8, 1927.

1. CERTIORARI—*Certiorari is Appropriate to Review Proceedings of Bodies and Officers Acting in Judicial or Quasi Judicial Capacity, in Absence of Other Remedy (Code, c. 110 §§ 2, 3).*

   Certiorari is the appropriate process to review the proceedings of bodies and officers acting in judicial or quasi-judicial capacity, where no other remedy is provided. (p. 173).

   (Certiorari, 11 C. J. §§ 67, 68.)

2. CARRIERS—*Orders Granting Certificates of Convenience to Competing Bus Lines Are Reviewable by Certiorari (Code, c. 110, §§ 2, 3; Acts 1925, c. 17, § 82).*

   The orders of the State road commission, granting certificates of convenience to independent bus lines proposing to furnish service in competition with established public carriers, are reviewable by this writ.   (p. 174).

   (Carriers, 10 C. J. § 49 [Anno].)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

WOODS, JUDGE, dissenting.

Original petitions by the Reynolds Taxi Company and by James W. Bartlett and others for separate writs of prohibition, to be directed to Hon. A. P. Hudson, Circuit Judge of Kanawha County.   Cases considered together.

*Writs denied.*

*E. G. Smith,* for Reynolds Taxi Company.

*Guy H. Burnside,* for Bartlett Bros. Bus Company.

*H. B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for State Road Commission.

   *Louis A. Johnson* and *James A. Meredith,* for Monongahela West Penn Public Service Co. and others.

   *Conley & Johnson,* for Baltimore & O. R. Co. and others.

LITZ, JUDGE:

The petitioners, Reynolds Taxi Company and Bartlett Brothers Bus Company, seek separate writs of prohibition to restrain the circuit court of Kanawha county from exercising jurisdiction by certiorari to the action of the State Road Commission in refusing respondents, Monongahela Transport Company and West Virginia Transportation Company, and granting petitioners, Reynolds Taxi Company and Bartlett Brothers Bus Company, certificates of convenience to operate bus lines over the public roads.

The Monongahela West Penn Public Service Company owns and operates, as a public carrier in West Virginia, a system of electric railway lines. For the purpose of providing additional service and protecting itself from injurious competition by independent bus lines, it organized the Monongahela Transport Company to operate bus lines in territory served by its electric railway system.

The Baltimore & Ohio Railroad Company, owning and operating steam railways, as a public carrier in this State, for like reasons and purpose organized the West Virginia Transportation Company.

Upon application being made by the Reynolds Taxi Company for a certificate of convenience to operate motor vehicles carrying passengers for hire between Clarksburg and Buckhannon, by way of Jane Lew and Weston, the Monongahela West Penn Public Service Company and the Baltimore & Ohio Railroad Company filed protests thereto and caused their subsidiaries, Monongahela Transport. Company and West Virginia Transportation Company, to apply for a certificate of convenience to operate motor vehicles carrying passengers for hire between Weston and Buckhannon. And an application being made by Bartlett Brothers Bus Company for a certificate of convenience to operate motor vehicles carrying passengers for hire between Clarksburg and Grafton, the Baltimore & Ohio Railroad Company filed a protest thereto, and through its subsidiary, the West Virginia Transportation Company, applied for a similar certificate of convenience. After a full hearing the Road Commission granted the appli-

cations of the Reynolds Taxi Company and the Bartlett Brothers Bus Company, and refused those of Monongahela Transport Company and the West Virginia Transportation Company. Thereafter the circuit court of Kanawha county, on applications of Monongahela West Penn Public Service Company, Monongahela Transport Company, Baltimore & Ohio Railroad Company and West Virginia Transportation Company, awarded writs of certiorari to the rulings of the State Road Commission; and these proceedings followed.

The petitioners base their right to peremptory writs of prohibition on the ground that the action of the State Road Commission in granting and refusing the certificates of convenience is not subject to review by certiorari; and that the rulings of the commission were justified by the evidence before it.

For the first proposition counsel rely chiefly upon *Railroad Company* v. *Town of Triadelphia,* 58 W. Va. 489, wherein it is stated that only *judicial* action is reviewable by writ of certiorari, under Sections 2 and 3 of Chapter 110 of the Code, and that the scope of the writ is not altered by statute in respect to the nature of the proceedings for the review of which it may be had. In that case the Railroad Company, which had been operating its railroad over the streets of the municipality for a number of years, sought to enjoin the town, its officers and agents, from interfering with the railroad after the town had, *without a hearing,* attempted to repeal an ordinance under which the railroad company had been acting, and caused a part of its tracks to be taken up. Holding the action of the town to be unjustifiable, the opinion of the Court proceeds: ''No objection to the jurisdiction in equity or the remedy invoked has been raised by counsel. Both sides ask an adjudication upon the merits; but it has been suggested here, in consultation, that the action of the council in repealing the ordinance is judicial and is binding upon the parties until reversed by some appellate procedure. In consequence of which, resort cannot be had to a court of equity as to any matter invoked in, or governed by, this action of the council. If this be true, the remedy is certiorari under the statute.'' The issue thus raised by the Court, respecting the scope of

certiorari under the statute, served mainly as an attack upon the decision in *Town of Davis* v. *Davis*, 40 W. Va. 464, which held that the action of a town council in declaring the operation of a "merry-go-round" to be a nuisance and ordering it abated as such, after notice to the owner and a hearing, was reviewable by certiorari.

There seems to have been little occasion for the elaborate discussion of the writ in determining the propriety of the remedy by injunction; for, as indicated in the note filed by JUDGE BRANNON, the action of the town council being *ex parte,* without hearing, the railroad company could ignore the order of repeal and proceed by injunction. This court had held, in a similar case: "If the (town) council improperly annulled its orders or ordinances assenting to the plaintiff's (railroad company's) occupancy of its streets, plaintiff could treat such annulment as void, or it could have the same reviewed and reversed by proper judicial method of review." *Railroad Company* v. *Town of Alston,* 54 W. Va. 597.

At common law certiorari is the appropriate process to review the proceedings of bodies and officers acting in judicial or quasi-judicial capacity.

> "A proceeding by writ of certiorari is a 'judicial' proceeding, in the technical sense, as distinguished from a 'quasi-judicial' one; and, apart from its ancillary use, its main purpose and its commonest use is to supervise, control, review, and correct the proceedings of *quasi-judicial* tribunals, or where such proceedings are different from the course of the common law. 2 Bac. Abr. 163; Harris, Certiorari, Sec. 1 et seq.; 2 Spell. Extr. Relief, Sec. 1890 et seq. Our Code (chapter 110, s. 3 et seq.) has extended the scope of this writ, and increased its usefulness, by enlarging and improving its procedure, making the evidence a part of the record, for the very purpose of making it a writ of review of the judgment, order, or proceedings of the county court, council, justice, or other inferior tribunal, many of which exercise for the most part a solely *quasi*-judicial power." *State* v. *South Penn Oil Co.,* 42 W. Va. 80, 92, 24 S. E. 688.

"Quasi-judicial functions are those which lie midway between the judicial and ministerial ones. The lines separating them from such as are thus on their two sides are necessarily indistinct; but, in general terms, when the law, in words or by implication, commits to any officer the duty of looking into facts, and acting upon them, not in a way which it specifically directs, but after a discretion in its nature judicial, the function is termed quasi-judicial." Mechem, Pub. Off., Sec. 637; Bishop, Non-Contract Law, Secs., 785, 786.

Section 82, Chapter 17, Acts, 1925, under which the State Road Commission acted, provides that it "shall have the power to issue to any applicant a certificate of convenience, or to refuse to issue the same, or to issue it for the partial exercise only of the privileges sought, and may attach to the exercise of the rights given by such certificate such terms and conditions as in its judgment the public convenience and necessity may require. No such certificate of convenience shall be issued by the commission until it shall be established to the satisfaction of the commission, after a proper investigation, that the privilege so sought by the applicant is necessary or convenient for the public, and that the service so proposed to be rendered by the applicant is not being adequately performed at the time of such application by any other person, partnership or corporation".

In *Rapid Railway Company* v. *Michigan Public Utilities Commission*, 225 Mich. 425, 196 N. W. 518, where the railroad company resisted the application of a bus line company for a permit to operate motor vehicles carrying passengers for hire over a fixed route, the Supreme Court of Michigan, considering the right of review by writ of certiorari of the ruling of the public utilities commission, (corresponding to our State Road Commission in its power to issue permits to operate motor vehicles over fixed routes or between fixed termini), said:

"The claim made that the Utilities Commission is but a ministerial body, and its orders not subject to review by certiorari, is met by the cases above cited, to which may be added *McGurrin* v. *Grand Rapids Twp. Board*, 186 Mich. 475, 153 N. W. 17, and *Pollitz* v. *Michigan R. Com'n., supra.* It is

an official board, and its orders certainly are of a quasi-judicial nature.

"The title to Act No. 209, Pub. Acts 1923, and its first section, read as follows:

> "'An act to regulate and define common carriers of persons and property by motor vehicle on public highways of this State, prescribing the payment and fixing the amount of privilege taxes for such carriers, the disposition of such taxes, and prescribing penalties for violation of this act.
>
> "'Section 1. After thirty days from the effective date of this act, no person, firm or corporation shall engage or continue in the business of transporting persons or property, by motor vehicle, for hire, upon or over the public highways of this State, over fixed routes or between fixed termini, or hold themselves out to the public as being engaged in such business, unless and until they shall have obtained from the Michigan public utilities commission a permit so to do, which said permit shall be issued in accordance with the public convenience and necessity ; and shall not be assignable; *Provided,* that this act shall not apply to carriers operating exclusively within cities or villages.'"

In *Ellis* v. *State Road Commission,* 100 W. Va. 531, the plaintiff sought by mandamus the restoration of a taxicab permit alleged to have been illegally revoked by the State Road Commission. Denying relief by the remedy invoked, this Court stated:

> "Another objection advanced to the right of the Commission to take the initiative in this case, is that the permit is a valuable property right, no appeal from the decision of the Commission is provided in the amended statute, the Commission is composed of men not necessarily learned in legal procedure, and the Legislature could not have intended to confer on these men independent authority in such an important matter, else an appeal would have been provided. But the sponsors of this argument have overlooked the express

provisions of Secs. 2 and 3, Ch. 110, Code. 'In every case, matter or proceeding—before a county court, council of a city, town or village, justice or other tribunal, the record or proceeding may after a judgment or final order therein—be removed by a writ of certiorari to the circuit court of the county in which such judgment was rendered or order made.' Sec. 2, Ch. 110, Code. 'Upon the hearing, such circuit court shall, in addition to determining such questions as might have been determined upon a certiorari, as the law heretofore was, review . such judgment, order or proceedings, of the county court, council, justice or other inferior tribunal upon the merits, determine all questions arising on the law and evidence, and render such judgment or make such order upon the whole matter, as law and justice may require.' Sec. 3, Ch. 110, Code. The hearing before the Commission is certainly a *proceeding;* the determination of the Commission on the hearing is a *final order;* in the contemplation of the legislature the Commission is an *inferior tribunal;* therefore the remedy for any error in legal procedure or mistake in judgment by the Commission on such hearing is at hand in our statutory enlargement of *certiorari.*"

Although we do not, and cannot in these proceedings, determine whether the State Road Commission has rendered a proper decision, there can be no doubt of the right of an established public carrier, which is furnishing necessary service, to protest the granting of a certificate of convenience to an applicant proposing to furnish competing service. "The policy of the State as evidenced by the road law and of the statutes relating to the public service commission, its powers and duties, is not to invite or encourage ruinous competition between public carriers; on the contrary its policy is to protect such public servants in the enjoyment of their rights, so that the public may be served most efficiently and economically, and by the best equipment reasonably necessary therein. As illustrative of the application of this power respecting public carriers, see *Chesapeake & Ohio Ry. Co.* v. *Pub. Ser. Com.*, 75 W. Va. 100; *Id.* 78 W. Va. 667." *Power Co.* v. *Calloway,* 99 W. Va. 157, 163.

We are therefore of opinion that the circuit court of Kanawha county has jurisdiction to review by writ of certiorari the rulings of the State Road Commission complained of by the respondents Baltimore & Ohio Railroad Company, Monongahela West Penn Public Service Company, Monongahela Transport Company, and West Virginia Transportation Company; and the peremptory writs sought accordingly will be denied.

*Writs denied.*