STATE *ex rel.* BOARD OF EDUCATION *v.* J. W. MARTIN, *Judge*

(No. 7249)

Submitted March 29, 1932.   Decided April 19, 1932.

*F. P. Moats,* for petitioners.
*J. W. Vandervort, Ambler, McCluer & Ambler, Melville Stewart,* and *A. A. Schramb,* for respondents.

MAXWELL, JUDGE:

On the 31st of October, 1931, the board of education of Williams District, Wood County, entered an order removing the supervisor of schools of said district, J. Selden Spencer, one of the respondents hereto, on the ground of lack of efficiency. On the 16th of November, on certiorari prosecuted by the said Spencer against the said board of education and its individual members, the circuit court of Wood County, the Honorable John W. Martin, one of the respondents hereto, being the judge thereof, entered a preliminary order suspending the said order of removal entered by the board of education, pending final determination in said court.

The matter comes now to this Court on petition of the said board and its members for a writ of prohibition to prevent the circuit court from acting in the certiorari matter, on the ground that it is without jurisdiction thereof.

The petitioners take the position that in the certiorari proceeding the circuit court has no jurisdiction because, they say, the board of education in removing Spencer acted under Code 1931, 6-6-8, which reads as follows: "The court, board, body or officer authorized by law to appoint any person to any county, magisterial district, independent school district, or municipal office, the term or tenure of which is not fixed by law, may remove any person appointed to any office by such court, board, body or officer, with or without cause, whenever such removal shall be deemed by it, them or him for the good of the public service, and the removal of any such person from office shall be final." They say that under that section, the board of education had full discretion in the matter of removal of its supervisor of schools. The said section is found in the chapter of the Code headed "General

Provisions Respecting Officers.'' Respondent Spencer contends that said quoted section has no application in the premises, and that the board did not and could not act thereunder.

The Williams Independent School District was created by chapter 78 of the acts of the legislature of 1917. Section 24 thereof empowers the board to appoint a district supervisor of schools and fix his salary, and provides that ''he may be removed at any time for immorality, misconduct, or lack of efficiency * * *.'' Section 30 of said act reads: ''All provisions of the general school law of this State which are inconsistent or in conflict with any of the provisions of this act shall be void within said district of Williams; otherwise to have full force and effect.''

In chapter 18 of the Code, being the chapter dealing specially with educational matters, section 6 of article 7 is as follows: ''The board of education of any district or independent district may suspend or dismiss any principal or teacher so appointed for immorality, incompetency, cruelty, insubordination, intemperance or wilful neglect of duty, but the charges shall be stated in writing and the teacher shall be given an opportunity to be heard by the board upon not less than ten days' notice, and in all cases when the board is not unanimous in its decisions to suspend or dismiss, the principal or teacher so suspended or dismissed shall have the right of appeal to the state superintendent of schools.''

In definition of terms we find in Code, 18-1-1, the following: '' 'Teacher' shall mean, supervisor, principal, superintendent, public school librarian, or any other person regularly employed for instructional purposes in a public school of this State.'' We must therefore consider a district supervisor as a teacher. Teachers are not public officers. *Heath* v. *Johnson*, 36 W. Va. 782, 15 S. E. 980; *Hartigan* v. *Board of Regents*, 49 W. Va. 14, 38 S. E. 698. A supervisor, or teacher, not being an officer, it follows that the above quoted section (Code, 6-6-8), relied on by petitioners, is not applicable.

Inasmuch as special acts were not repealed by the new code (Code, 63-1-3), and inasmuch as general provisions of

the school law are operative in said Williams Independent School District except in so far as they are inconsistent with the provisions of the act creating the independent district, we are of opinion that the said section of the general school law (Code, 18-7-6) and the above quoted portion of section 24 of the special legislative act creating the said independent district must be read together. This result follows because there are no inconsistencies between the two sections. They blend. Wherefore, the procedure prescribed by the general act (Code, 18-7-6) must be deemed to be proper procedure in the matter of the removal of a district supervisor for any of the causes enumerated in the said special act. The manner of review therein provided for is this: "* * * and in all cases when the board is not unanimous in its decisions to suspended or dismiss, the principal or teacher so suspended or dismissed shall have the right of appeal to the state superintendent of schools." In this case, the dismissal of Spencer was not by unanimous action of the members of the school board. Therefore, appeal to the state superintendent of free schools was available.

But was this right of the supervisor to appeal to the state superintendent of free schools exclusive of all other modes of review? Has the circuit court of Wood County jurisdiction in certiorari? Under Code 1931, 53-3-2, certiorari is a proper procedure to test the judgment of inferior tribunals "except in cases where authority is or may be given by law to the circuit court, or the judge thereof in vacation, to review such judgment or order or motion, or on appeal, writ of error or supersedeas, or in some manner other than upon certiorari." It is thus to be noted that the only limitation on the broad scope of certiorari is that there shall be some other mode of review by the circuit court. A method of review by some other governmental agency therefore does not exclude the certiorari jurisdiction of the circuit court. It is a constitutional jurisdiction. "The circuit court shall have the supervision and control of all proceedings before justices and other inferior tribunals, by mandamus, prohibition and certiorari." W. Va. Cons., Art. VIII, sec. 12.

It is to be noted that the appeal to the state superintendent does not purport to be exclusive. It merely provides an optional or alternative method to be employed at the election of the aggrieved party.

In the case of *Quesenberry* v. *State Road Commission*, 103 W. Va. 714, 138 S. E. 362, Judge Lively speaking for the court emphasizes the fact that under our statute the writ is the proper remedy for review by the circuit court of judicial or quasi-judicial proceedings for which no other review is provided. The same principles are also discussed by Judge Litz in *Taxi Co.* v. *Hudson, Judge*, 103 W. Va. 173, 136 S. E. 833.

Of course administrative action is not subject to review in certiorari. *Quesenberry* case, *supra.*

An inferior tribunal is defined with precision in *Cunningham* v. *Squires*, 2 W. Va. 422, 424: "A tribunal which is not a common law court, which does not proceed according to the course of the common law, a newly created, limited and special jurisdiction, from which no appeal is allowed by statute, nor writ of error by the common law, yet determining in a summary way the most important rights and franchises, both as respects the people and private persons, is and cannot be otherwise than an inferior tribunal in the strictest sense of the word." A board of education is not a common law court, and proceeds not according thereto. It is newly created in the sense that it is statutory. Its jurisdiction is limited and special. No appeal (to the circuit court) or writ of error is provided from its decisions; yet it is authorized to determine in a summary way important personal and contractual rights of school teachers.

Among the many examples of bodies, subject to certiorari (as inferior tribunals) at common law, are a *college of physicians* (having a special statutory power to impose fines) and *commissioners of sewers*. 2 Bacon's Abr. 162, etc. The legislature has classed *county courts* and the *council of a city, town or village* as inferior tribunals. Code 131, 53-3-2. This court has extended that classification to a *convassing board* and to the *state road commission*. *Burke* v. *Supervisors*, 4 W. Va. 371; *Taxi Co.* v. *Hudson, J.*, 103 W. Va.

173, 136 S. E. 833. Other courts have extended it to other subordinate boards created by the legislature, including even a *township board* (corresponding to our board of education) and *school trustees.* 11 Corpus Juris, p. 122; *State ex rel* v. *Real Est. Brokers'.Board,* (Wis.) 231 N. W. 628; *Stockwell* v. *The Township .Board,* 22 Mich. 341; *Miller* v. *Trustees of Schools,* 88 Ill. 26. The name a subordinate body bears is not important; if by authority from the legislature it hears and determines the personal or property rights of the citizen, it acts in a judicial or *quasi* judicial manner, and is an inferior tribunal within the Constitution. 11 Corpus Juris, p. 121; *Rr. Co.* v. *Triadelphia,* 58 W. Va. 487, 497, 52 S. E. 499. "A proceeding before the township board to remove an officer of a school district is in the nature of a judicial investigation." *Stockwell* v. *The Township Board, supra.* (The proceedings before the board in that case were removed to a court of law by certiorari without certiorari being questioned.) Accord: *Browne, Supt.* v. *Gear,* 21 Wash. 147, 150-1.

Among the many cases comparable to this, one from New York and one from Maine are strikingly in point. (1) The mayor of New York City was given authority by statute to remove certain city officers for cause "and after opportunity to be heard." ("An opportunity to be heard" is the very language of our West Virginia statute.) In *The People ex rel the Mayor* v. *Nichols,* 79 N. Y. 582, 588, a removal by the Mayor was reviewed by certiorari; and the statute was thus construed: "The proceeding (against an officer) therefore must be instituted upon specific charges, * * * and then, unless admitted, be proved to be true. Defendant might also cross-examine the witnesses produced to support the charges, call others to his defense, and in these and other steps in the proceeding be represented by counsel. In no other way could the person sought to be removed have a due hearing or 'an opportuntity to be heard', and this condition must be complied with before the power of removal is exercised. * * * It follows, therefore, that the proceeding is judicial in its character, and, as a necessary consequence, is subject to review by a writ of certiorari issued by the Supreme Court in the exercise of its superintending power over inferior trib-

180

unals and persons exercising judicial functions.'' (2) In *Andrews* v. *King, Mayor et al.*, 77 Me. 224, 231, 244, the court had under consideration a statute which subjected certain officers ''after hearing to removal by the mayor,'' etc. Andrews held the office of city marshal of Portland, and office provided by the legislature. (A supervisor of schools is also a legislative officer.) The charge against him was *inefficiency*. His removal was reviewed by certiorari, and the court in its opinion said: ''While the incumbent of the legislative office has no vested right to his office as against the state; while he has no such property in it as can be conveyed, yet his right or title to the office and its emoluments has always been recognized by the courts as a valuable interest; as a privilege and entitled to the protection of the law. He ought not to be deprived of it 'but by the judgment of his peers or by the law of the land.' '' The same procedure at the hearing of an officer prescribed in the Maine case as in the New York case, the court stressing: ''The act of hearing and deciding is always a judicial act. It should always be done deliberately and without bias. * * * The hearing should be full and fair and by a patient, unprejudiced tribunal. * * * It is highly important that all inferior tribunals, especially those vested with the jurisdiction to deprive a person of his property and condemn him to disgrace, should keep within their jurisdiction, perform their whole duty, and proceed according to law.''

We are therefore of opinion that the Board of Education of Williams District is a tribunal within the meaning of the Constitution, Art. VIII, sec. 12, and of the statute, Code 1931, 53-3-2, and that the findings of the board in the matter of the removal of Spencer, supervisor, are subject to review by the circuit court of Wood County on writ of certiorari.

It follows that a writ prohibiting the judge of said court from proceeding with the review will be denied.

*Writ denied.*